IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

        Plaintiff,                  No. CIV S-03-1605 GEB DAD P

    vs.

S. COOK, et al.,

        Defendants.           FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's third amended complaint in which plaintiff presents twenty-one causes of action naming twenty-one defendants. Sixteen of those named defendants are correctional officers or other employees at High Desert State Prison (H.D.S.P.). Plaintiff also names as defendants the Director of the California Department of Corrections, three other employees with the Department, and a correctional sergeant employed at California State Prison - Corcoran (CSP-Corcoran). Although the court has advised plaintiff on numerous occasions regarding the requirements for stating a cognizable civil rights claim, as well as the legal standards specifically applicable to plaintiff's various claims (see Orders, filed December 30, 2003, June 2, 2004, and August 13, 2004), the third amended complaint remains defective in several respects. In addition, plaintiff has failed to provide

1

sufficient allegations concerning two of the named defendants. Therefore, the court will recommend that the following claims and defendants be dismissed.

I. <u>Retaliation Claims</u>[1]

In plaintiff's eighth cause of action, he claims that in violation of the First and Fourteenth Amendments, defendant McKean retaliated against him "by falsely alleging that plaintiff breached regulations." (3rd Am. Compl. (Compl.), at 15.) Plaintiff alleges that defendant McKean issued plaintiff a rule violation report for delaying a peace officer which plaintiff contends was a false charge.[2] (<u>Id.</u> ¶43, at 3.) Although plaintiff has stated a cognizable retaliation claim based on the First Amendment, the Fourteenth Amendment does not provide a legal basis for a retaliation claim. <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding that retaliatory actions taken against a prisoner for exercising his right to file grievances violates the First Amendment); <u>Burton v. Jones</u>, 321 F.3d 569, 573 (6th Cir. 2003) (Fourteenth Amendment does not provide a legal theory under which a retaliation claim could be brought). Therefore, the court will recommend that the eighth cause of action be dismissed to the extent it seeks to allege the Fourteenth Amendment as a basis for a retaliation claim.

In his ninth and tenth causes of action, plaintiff claims retaliation against him by defendant Bartos in violation of the First and Fourteenth Amendments. Plaintiff claims that defendant Bartos issued a false rule violation report charging plaintiff with delaying a peace officer by failing to exit the yard. (Compl. ¶77, at 8.) Plaintiff also claims that defendant Bartos

---

[1] In his first and second causes of action plaintiff has presented claims that he was retaliated against in various ways due to his activities as a jailhouse lawyer and his pursuit of litigation and grievances on his on behalf. The court has determined at this initial stage of the proceedings that those causes of action appear to state a colorable claim. Accordingly, those retaliation claims are not addressed further in these findings and recommendations.

[2] In the court's December 30, 2003 order, the court noted that plaintiff's January 2, 2000 rule violation report for delaying an officer during count time resulted in the loss of 90 days of good-time credits. <u>See</u> Order, filed 12/40/03, at 3. Plaintiff was advised at that time that a Fourteenth Amendment due process claim that necessarily implies the invalidity of the loss of good-time credits following disciplinary proceedings, is barred under <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).

made a disparaging statement to other inmates about plaintiff being a snitch.  Again, although plaintiff has stated cognizable retaliation claims based on the First Amendment, to the extent the claim relies on the Fourteenth Amendment as a basis it should be dismissed.  See Burton, 321 F.3d at 573.

II. Equal Protection Claim

In his third cause of action, plaintiff claims violation of his right to equal protection guaranteed by the Fourteenth Amendment.  Plaintiff claims that he has suffered discrimination because of his activities as a jailhouse lawyer. (Compl. at 14.)  However, plaintiff has not alleged how each of the defendants have violated his right to equal protection.  Moreover, plaintiff has failed to allege the manner in which he has been treated differently than persons similarly situated without a rational basis.  See Plyler v. Doe, 457 U.S. 202, 216 (1982).  Accordingly, This cause of action should be dismissed for failure to state a cognizable claim.

III. Cruel and Unusual Punishment Claim

In his fourth cause of action, plaintiff claims that each of the defendants violated his Eighth Amendment rights when they placed plaintiff in administrative segregation and the SHU, knowing that by validating him as affiliated with a gang, he would be in the SHU for an indefinite period of time.  Plaintiff claims that his Eighth Amendment rights were violated in this regard because he was subjected to "atypical and significant ad-seg and S.H.U. confines" and the information used for this confinement "is apparently false[.]" (Compl. ¶ 114, at 14.)  Plaintiff alleges that on February 2, 2000, he was placed in administrative segregation pending investigation into allegations of his gang affiliation. (Id. ¶ 49, at 3.)  Plaintiff remained in administrative segregation until February 15, 2001, when he was transferred to California State Prison - Corcoran for indeterminate placement in the SHU. (Id. ¶¶ 84-85, at 10.)  Plaintiff seeks monetary damages, as well as, release from the SHU. (Id. ¶¶ 3 & 4-5, at 19-20.)

Plaintiff has again failed to state a cognizable Eighth Amendment claim.  He has not alleged deprivations of life's necessities or a deprivation of anything that would be

cognizable under the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted); Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). Placement in administrative segregation, without more, does not constitute a violation of the Eighth Amendment. See Toussaint v. Yockey, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (holding that more than the usual hardships associated with administrative segregation are required to state an Eighth Amendment claim). Plaintiff's contentions that false information was used to place him in AdSeg and SHU are irrelevant to his Eighth Amendment claim. Therefore, the court will recommend that this fourth cause of action be dismissed for failure to state a claim.

IV.  Fourth Amendment Claim

In his seventh cause of action, plaintiff claims that defendants Hansen, Shaver, and Holmes violated his Fourth Amendment rights when they searched his stored property, including his legal materials, when he was not present. (Compl. ¶117, at 15.) The Supreme Court has held that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells . . . ." Hudson v. Palmer, 468 U.S. 517, 530 (1984). See also Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. An inmate's fourth amendment rights are among the rights subject to curtailment. In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property.") (citations omitted); Nakao v. Rushen, 766 F.2d 410, 411-12 (9th Cir. 1985) (concluding that searching an inmate's cell when he was not present, and seizing and reading his correspondence did not violate the Fourth Amendment). Therefore, plaintiff's seventh cause of action should be dismissed for failure to state a claim.

/////

V. <u>Failure to Protect Claims</u>

In his eleventh cause of action, plaintiff claims that defendant Bartos violated his Eighth Amendment rights by stating in the presence of other inmates that plaintiff was "ratting on officers," and that such conduct could result in the removal of the television during the NFL season. (Compl. ¶ 77 at 8, and ¶ 121 at 15.) Plaintiff claims that the "rat" label increases a prisoner's chances of harm and being ostracized. However, an allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (court upheld district court's dismissal of plaintiff's claim that defendants threatened him with bodily harm to deter plaintiff from pursuing legal redress for grievances). Likewise, neither verbal abuse nor the use of profanity violate the Eighth Amendment proscription against cruel and unusual punishment. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (upholding summary judgment on claim that defendant used vulgar language; profanity, verbal abuse and verbal harassment do not state a constitutional claim under 42 U.S.C. § 1983). Accordingly, the court will recommend that this claim be dismissed for failure to state a claim.

In his thirteenth cause of action, plaintiff claims that defendant Statti violated his Eighth Amendment rights when he had plaintiff placed in protective custody, "knowing that protective custody inmates are chastised and are targeted for assualts [sic] or worse." (Compl. ¶ 123 at 16.) Plaintiff's allegations are conclusory and not supported by any allegations that plaintiff was targeted or faced a substantial risk of injury as a result of his placement in protective custody. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 828-29 (1994). Therefore, this cause of action should be dismissed.

VI. <u>Due Process Claim</u>

Plaintiff's twenty-first cause of action is a due process claim based on the Fourteenth Amendment. Plaintiff claims that a liberty interest has been created by various state regulations. Those regulations concern: who may order an inmate placed in administrative

segregation (Cal. Code Regs. tit. 15 § 3336), initial review of the administrative segregation order (Cal. Code Regs. tit. 15 § 3337), use and placement of confidential information in an inmate's central file (Cal. Code Regs. tit. 15 § 3321), staff assistance for inmate at classification hearing (Cal. Code Regs. tit. 15 § 3341), purpose of the initial hearing following issuance of an administrative segregation order, opportunity for inmate to present his witnesses and evidence, and documents which record the determination following the hearing (Cal. Code Regs. tit. 15 § 3338), mutual right of inmates and employees to be treated respectfully, impartially, and fairly (Cal. Code Regs. tit. 15 § 3004), extraordinary circumstances which aggravate the seriousness of a rule violation (Cal. Code Regs. tit. 15 § 3329), reasons for placement of inmate in administrative segregation (Cal. Code Reg. tit. 15 § 3335), release or retention in administrative segregation (Cal. Code Reg. tit. 15 § 3339), placement in security housing unit (Cal. Code Reg. tit. 15 § 3341.5(c)), inspection of cell, inmate property, and body (Cal. Code Reg. tit. 15 § 3287), law enforcement responsibility of Department of Corrections employees (Cal. Code Reg. tit. 15 § 3291), and review of a formal appeal by a staff person who did not participate in the event or decision being appealed (Cal. Code Reg. tit. 15 § 3084.5(e)).

To the extent that this due process claim is based on regulations that pertain to a prisoner's placement and retention in the SHU, this twenty-first cause of action is duplicative of plaintiff's fifteenth cause of action. Plaintiff's claim based on regulations pertaining to an inmate being subject to an inspection is duplicative of his sixth cause of action. Plaintiff's claim based on a regulation pertaining to search of an inmate's cell and property is duplicative of his seventh cause of action. Lastly, plaintiff's claim based on a regulation pertaining to an inmate's appeal is duplicative of plaintiff's twelfth and fifteenth causes of action. Therefore, the twenty-first cause of action should be dismissed as duplicative.

VII. <u>Dismissal of Certain Defendants</u>

Plaintiff has named J. Woodford, the Director of the California Department of Corrections, as a defendant. Plaintiff was required to specifically allege a causal link between

6

1  supervisorial defendants such as Woodford and the claimed constitutional violation.  See Fayle v.
2  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
3  1978), cert. denied, 442 U.S. 941 (1979).  Plaintiff has failed to do so.  Therefore, this defendant
4  should be dismissed.

   Plaintiff was advised in the court's December 30, 2003 order that claims concerning incidents that took place at CSP-Corcoran, needed to be filed with the Fresno Division of the District Court for the Eastern District of California.  (Order, filed 12-30-03, at 7.)  However, in his third amended complaint filed with this court, plaintiff has named as a defendant, correctional sergeant Drew who is employed at CSP-Corcoran.  Plaintiff claims in his twentieth cause of action that defendant Drew, as well as, seventeen other defendants conspired to deprive plaintiff of his constitutional rights.  (Compl. ¶ 134, at 18.)  The only allegations concerning defendant Drew is that he failed to process plaintiff's grievances which were filed while plaintiff was housed at CSP-Corcoran.  There are no allegations that, if taken as true, would demonstrate that there was an agreement between defendant Drew and the other defendants to violate his constitutional rights.  See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).  Therefore, the court will recommend that defendant Drew be dismissed from this action.

   Accordingly, IT IS HEREBY RECOMMENDED that:

   1. The third, fourth, seventh, eleventh, thirteenth, and twenty-first causes of action in plaintiff's third amended complaint, filed on October 6, 2004, be dismissed for failure to state a claim or as duplicative;

   2. Plaintiff's Fourteenth Amendment claim in his eighth, ninth, and tenth causes of action be dismissed for failure to state a claim; and

   2. Defendants Woodford and Drew be dismissed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1  days after being served with these findings and recommendations, plaintiff may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
5  F.2d 1153 (9th Cir. 1991).
6  DATED: November 3, 2005.

                                                          DALE A. DROZD
                                                          UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.f&r