IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

        Plaintiff,                     No. CIV S-03-1605 GEB DAD P

    vs.

S. COOK, et al.,                         ORDER

        Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On November 4, 2005, the court determined that plaintiff's third amended complaint stated cognizable claims and ordered plaintiff to submit the necessary documents for service by the U.S. Marshal. On December 2, 2005, the court ordered the Marshal to serve the twenty defendants. Before the court is plaintiff's request for additional time to serve three defendants.

        The U.S. Marshal has not executed service on defendants Farris, Singletary, and Hansen. On February 24, 2006, service was returned unexecuted for defendant Farris. The Marshal determined that defendant Farris is no longer employed at High Desert State Prison and no further information was available from the California Department of Corrections about this defendant's location. (Court document number 36.) As to defendant Singletary, on March 21,

1

2006, service was returned unexecuted after the California Department of Corrections was unable to locate this defendant. (Court document number 44.) Finally, as to defendant Hansen, service was returned unexecuted on June 16, 2006 after the U.S. Marshal attempted personal service and determined from the Department of Motor Vehicle that defendant Hansen had moved to Alaska. (Court document number 60.)

On June 9, 2006, the court informed plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant who has not been served with a summons and complaint within 120 days after the filing of the complaint, shall be dismissed without prejudice. On August 7, 2006 and August 30, 2006, plaintiff reported that he was attempting to obtain information with respect to service on the remaining defendants and requested additional time to do so. The court will provide plaintiff with a final opportunity to submit his USM-285 forms for service on defendants Farris, Hansen, and Singletary. Plaintiff is cautioned that if the forms are not returned to the court within the deadline set below, these defendants will be dismissed without prejudice.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

Lastly, plaintiff has requested that the court provide funds for an investigator. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for an investigator. See 28 U.S.C. § 1915.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 7, 2006 and August 30, 2006 requests for an extension of time to submit the USM-285 forms for defendants Farris, Singletary, and Hansen are granted;

2. Within forty-five days from the service of this order, plaintiff shall provide the USM-285 forms for defendants Farris, Singletary, and Hansen;

3. Plaintiff's failure to provide the USM-285 forms with a current address for defendants Farris, Singletary, and Hansen will result in the dismissal without prejudice of the defendant(s);

4. Plaintiff's August 7, 2006 and August 30, 2006 requests for the appointment of counsel are denied; and

5. Plaintiff's August 7, 2006 and August 30, 2006 requests for funds for an investigator, are denied.

DATED: September 11, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.peot2

3