IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

      Plaintiff,                        No. CIV S-03-1605 GEB DAD P

   vs.

S. COOK, et al.,

      Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

        On September 19, 2006, the court ordered defendant Cook to pay $576.25 or show good cause for her failure to waive service. Defendant Cook has filed the following response to the order to show cause. Defendant Cook states that she does not recall receiving the waiver of service of process form by mail and that she is aware that if she receives such a form, it should be forwarded to the Office of the Attorney General. She has checked her files in order to determine if she inadvertently deviated from her normal practice, but has determined that she did not. Defense counsel has also checked his file and has not found that a waiver form was inadvertently retained in the file. Since May 2005 defendant Cook has no longer been employed by the California Department of Corrections and Rehabilitation, and has not had regular

1

employment since that date.  She states that she is unable to pay the costs for service.  In light of defendant Cook's response, the court will not order the imposition of costs for service.

On October 12, 2006, plaintiff filed a request seeking partial summary judgment in his favor and the appointment of counsel.  Plaintiff contends that his evidence shows that he was retained in administrative segregation on a "false pretexts," and that his claims of conspiracy and retaliation are true.  Plaintiff basically restates the allegations in his third amended complaint and attaches various exhibits.  Plaintiff does not identify which of the sixteen remaining claims are appropriate for summary adjudication nor does he indicate what material facts are undisputed.  In addition, plaintiff has not complied with Local Rule 56-260(a) which requires plaintiff to "enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish the fact."  Therefore, plaintiff's request for partial summary judgment will be denied without prejudice.  Defendants' request for an extension of time to respond to plaintiff's request will be denied as unnecessary in light of this order.

As for plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Lastly, defendants have filed a request for an extension of time to respond to plaintiff's discovery requests.  Good cause appearing, the request will be granted.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Good cause appearing, the court will not order the imposition of costs for service on defendant Cook;

2. Plaintiff's October 12, 2006 request for partial summary judgment is denied without prejudice;

3. Plaintiff's October 12, 2006 request for the appointment of counsel is denied without prejudice;

4. Defendants' November 6, 2006 request for an extension of time to file a response to plaintiff's request for partial summary judgment is denied as unnecessary;

5. Defendants' November 8, 2006 request for an extension of time to respond to plaintiff's discovery requests is granted; defendants shall serve their responses on plaintiff within forty-five days from the service of this order; and

6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: November 13, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.taxSj