IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW LOPEZ,

     Plaintiff,                      No. CIV S-03-1605 GEB DAD P

    vs.

S. COOK, et al.,

     Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed further opposition to defendants' motion to modify the scheduling order and for an extension of time to file their opposition to plaintiff's motion for summary judgment. Plaintiff has also requested appointment of counsel.

        On May 11, 2007, the court granted defendants' motion. The court has considered plaintiff's additional opposition and affirms the May 11 order.

        As to plaintiff's request f or the appointment of counsel, the court has previously advised plaintiff that the district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of

/////

1

counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 14, 2007 opposition to defendants' requests to modify the scheduling order has been reviewed and shall be placed in the file; and

2. Plaintiff's May 14, 2007 request for appointment of counsel is denied.

DATED: May 21, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.31+