IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

     Plaintiff,                        No. CIV S-03-1605 GEB DAD P

    vs.

S. COOK, et al.,

     Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his third amended complaint plaintiff claims that he was subjected to retaliation at High Desert State Prison because of his jailhouse lawyering activities, that his jailhouse lawyering activities were impeded, that he was improperly placed in the security housing unit (SHU) and on contraband watch, and that he was denied access to the courts all in violation of his constitutional rights. Plaintiff's third amended complaint names seventeen defendants and asserts fifteen causes of action. Before the court is plaintiff's motion to compel further responses to his requests for admissions and interrogatories. Below the court will separately address each discovery request at issue.

/////

/////

1

I. <u>Plaintiff's Requests for Admissions (First Set) to Defendants Bartos, McClure, McKean and Vanderville</u>

Plaintiff seeks an order compelling further responses only from defendants Bartos, McClure and McKean.

    A. <u>Bartos</u>

> Request for Admission No. 19:
> Admit that while he was housed in H.D.S.P.'s Ad-seg building in the years 2000 through 2001 that plaintiff was known for filing CDC 602's.
>
> Response:
> Responding Party objects to this request on the basis it is vague and ambiguous regarding to whom Lopez contends it was known that he filed CDC 602's. Responding Party cannot provide a meaningful response because of this vagueness and ambiguity.
>
> Request for Admission No. 20:
> Admit that while housed in H.D.S.P.'s Ad-seg in the year 2000 that plaintiff was known to help other inmates with drafting CDC 602's.
>
> Response:
> Responding Party objects to this request on the basis it is vague and ambiguous regarding to whom Lopez contends it was known that he helped other inmates with drafting CDC 602's. Responding Party cannot provide a meaningful response because of this vagueness and ambiguity.

(Mot. to Compel (MTC), Ex. A, at 5-6.)

Plaintiff contends that defendant Bartos' objections are meritless. Defendant Bartos counters that his responses were appropriate, that he responded in subsequent interrogatories that plaintiff's litigation activities were not known to him, and that he had insufficient information to admit or deny whether such activities were generally known.

The court finds that defendant Bartos has adequately responded to plaintiff's interrogatories. Therefore, no further response will be ordered.

    B. <u>Defendant McClure</u>

> Request for Admission No. 1:
> Admit that on March 16, 1999 you attended the classification hearing of Inmate Robert Perry H-84922. (Held at H.D.S.P.)

2

>Response:
>Responding Party objects to this request on the basis that is not
>reasonably calculated to lead to the discovery of admissible
>evidence and violates the privacy rights of third persons.  Based on
>these objections, Responding Party will not respond.

(Id., Ex. B at 2.)

Plaintiff contends that this request "is a foundational question" and "supportive of the sworn affidavit of Robert Perry[.]"  (Id. at 2-3.)  Defendant McClure argues that plaintiff has not demonstrated how defendant McClure's attendance at a classification hearing for another inmate is relevant to his claims and that California Civil Code § 1798.24 prevents state agencies from disclosing personal information about an individual without notice to the individual.  In his reply[1] plaintiff indicates that inmate Perry's declaration is attached as an exhibit to his declaration in support of his motion for summary judgment, filed on April 18, 2007 (court document # 122).

Although the Perry declaration was not submitted to the court by plaintiff in connection with this motion to compel, the court has nonetheless reviewed it and finds that the declaration is vague as to the context and meaning of statements allegedly made by defendant McClure.  Therefore, the court will not order a further response from defendant McClure to this discovery request.

C.  Defendant McKean

>Request for Admission No. 5:
>Admit that you have shot an inmate during your employment
>within the CDC.

>Response:
>Responding Party objects to this request on the basis it is not
>reasonably calculated to lead to the discovery of admissible
>evidence, and invades the privacy rights of third persons.  Without
>waiving these objections, Responding Party responds:  Denied.

/////

---

[1] On March 20, 2007, plaintiff filed a request for leave to file a late reply along with his reply brief.  The request will be granted.

1  Request for Admission No. 6:
   Admit that in December 1999 H.D.S.P.'s A-yard inmates were
2  being provided their personal property.

3  Response:
   Responding Party objects to this request on the basis that it is
4  vague and ambiguous. Without waiving these objections,
   Responding Party responds: Denied.
5
   Request for Admission No. 7:
6  Admit that in December 1999 H.D.S.P.'s A-yard inmates were
   being provided their privilege packages.
7
   Response:
8  Responding Party objects to this request on the basis that it is
   vague and ambiguous. Without waiving these objections,
9  Responding Party responds: Denied.

10 Request for Admission No. 8:
   Admit that in December 1999 H.D.S.P. A-yard inmates were
11 provided controlled showers by group segments.

12 Response:
   Responding Party objects to this request on the basis that it is
13 vague, and ambiguous. Without waiving these objections,
   Responding Party responds: Denied.
14
   Request for Admission No. 9:
15 Admit that inmate workers were allowed out of their cells to clean
   and distribute laundry in H.D.S.P.'s A-4 building.
16
   Response:
17 Responding Party objects to this request on the basis that it is
   vague and ambiguous as to the time frame to which the request
18 pertains. Without waiving these objections, Responding Party
   responds: Denied.
19
   Request for Admission No. 10:
20 Admit that in December 1999 inmates were taken from their
   H.D.S.P. A-yard housing units to the A-yard law library.
21
   Response:
22 Denied.

23 Request for Admission No. 12:
   Admit that in July 1999 an inmate was killed on A-yard at
24 H.D.S.P.

25 Response:
   Responding Party objects to this request on the basis that it is not
26 reasonably calculated to lead to the discovery of admissible

4

1 | evidence, and invades the privacy rights to third persons.  Without
2 | waiving these objections, Responding Party responds:  Denied.

3 (MTC, Ex. C at 2-4.)

4       Plaintiff argues that defendant McKean's responses are false and that the
5 objections are "baseless" and requests that he be ordered to produce the specified documents.
6 (Id. at 4-5.)

7       The court does not find defendant McKean's answers evasive or incomplete in
8 any way.  See  Fed. R. Civ. P. 37(a)(3).  While plaintiff may not agree with those responses to his
9 requests for admissions, that does not provide any support for his motion to compel.  The court
10 will not order further responses or production of documents by defendant McKean as to this
11 discovery request.

12 II. Plaintiff's Requests for Admissions (Set One) to Defendants Cook, Harrison, Holmes,
13 Martinez, Shaver, Adams, Garate, Johnson, Nergenah, Statti and Morton

14       Plaintiff seeks an order compelling further responses only from defendants Cook,
15 Garate, Harrison, Johnson, and Morton.

16   A. Defendant Cook

17       Plaintiff states that he submitted thirty-six requests for admissions (MTC, Ex. E)
18 but that defendant Cook responded to only twelve and mistakenly responded to requests for
19 admission numbered thirteen and fourteen that were directed to defendant Vanderville.  (MTC at
20 7.)  In response, defendant Cook agrees that "[d]ue to an oversight," he initially only responded
21 to the first fourteen requests but contends that on December 28, 2006, he sent supplemental
22 responses to the remainder of plaintiff's requests.  (Opp'n at 7.)  Plaintiff does not dispute
23 defendant Cook's representation in his reply.  Therefore, the court will deny plaintiff's motion to
24 compel further responses by defendant Cook in addition to the supplemental responses already
25 provided.
26 /////

5

B.  Defendants Garate, Harrison, Johnson, and Morton

In his motion plaintiff contended that these defendants have failed to respond to requests for admissions that were served in July of 2006.  Defendants respond by stating that their responses to plaintiff's requests for admissions have in fact been served on plaintiff on the following dates:  defendant Garate's responses on November 6, 2006; defendant Harrison's responses on February 1, 2007; defendant Johnson's responses on December 29, 2006; and defendant Morton's responses on December 15, 2006.  Plaintiff does not dispute these representations in his reply.  Therefore, the court will not order further responses in addition to those noted above.

III. Plaintiff's Interrogatories and Request for Production of Documents (First Set)

Interrogatory No. 1:
State the address of the pension holder of CDC employees.

Response:
Defendants object to this request on the basis that it is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Based on these objections, Defendants will not respond to this interrogatory.

(MTC, Ex. M at 2.)

In opposition to this motion to compel defendants argue that the term "pension holder" is not defined and it is not clear from what entity plaintiff seeks an addresses.  (Opp'n at 8.)  Defendants also argue that the "pension holder" is not a party to this action and its address is not relevant to any issue in dispute.  (Id.)  Nevertheless, defendant asserts that plaintiff has been provided a list of contact offices for the California Public Employees' Retirement System.  The court agrees that plaintiff has failed to show how any additional information he seeks in this regard could be relevant to this action.  Accordingly, the court will not order further response to this interrogatory.

Interrogatory No. 2:
State the address of any union that defendants, or some, or any, of them are members.

1
2
3
      Response:
      Defendants object to this request on the basis that it is vague,
      ambiguous, and not reasonably calculated to lead to the discovery
      of admissible evidence. Based on these objections, Defendants
      will not respond to this interrogatory.

(MTC, Ex. M at 2.)

In their opposition defendants refer to plaintiff's "meet and confer" letter, dated August 13, 2006, in which plaintiff explains that the union information he seeks "is anticipated to reveal that complaints of misconduct, and those displaying unethical and immoral character, similar to that involved in this case was committed by defendants, or some of them." (MTC, Ex. D at 2.) Defendants argue that plaintiff apparently seeks character evidence and to discover other instances of misconduct on the part of the defendants and that Federal Rule of Evidence 404 expressly makes such evidence inadmissible except in limited circumstances which plaintiff has not demonstrated exist in this case.

On its face the interrogatory seeks seemingly irrelevant information regarding unions the defendants may belong to and for that reason alone the motion to compel will be denied. Moreover, to the extent plaintiff is attempting to discover prior acts of misconduct by the defendants, the court finds that plaintiff has made no showing in support of the request. Therefore, the court will not order further response to this interrogatory.

      <u>Interrogatory No. 3</u>:
      Provide the contact title and address of any person having contact
      information of retired prison employees.

      Response:
      Defendants object to this request on the basis that it is not
      reasonably calculated to lead to the discovery of admissible
      evidence. Based on these objections, Defendants will not respond
      to this interrogatory.

(Id.)

As to this request, defendants argue that the motion to compel should be denied because plaintiff has failed to explain how the information he seeks is relevant to any claim or potential defense in this action. The court agrees. No further response will be ordered.

7

> Interrogatory No. 4:
> State co-defendant Bruce Farris's contact information. Alternatively, should you believe any privacy concerns attach, provide your response to the court in this action, and cite any priveleges [sic] relied upon. If any relevant documents exist, produce those documents.
>
> Interrogatory No. 5:
> State co-defendant Troy Singletary's contact information. Alternatively, should you believe any privileges attach, provide your response to the court in this action, and cite any privileges [sic] relied upon. If any relevant documents exist, produce those documents.

(Id., Ex. M at 2-3.) In response to both interrogatories, defendants stated:

> Response:
> Defendants object to this request on the basis that it calls for confidential information protected by privacy rights of staff and inmates guaranteed by the United Stated, and California Constitutions, applicable statutes such as Penal Code section 832.7, Government Code section 6254, and Evidence Code section 1043; and calls for confidential information that would jeopardize the safety, and security of the institution. See Title 15 California Code of Regulations § 3321. Also, the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond that none of them know Bruce Farris'[or Troy Singletary's] current contact information.

(Id., Ex. M at 3-4.)

In responding to the motion to compel, defendants again represent that they do not possess current contact information for Bruce Farris or Troy Singletary. Both of those defendants were dismissed from this action on March 14, 2007, following the U.S. Marshal's failed efforts to serve process on them. Again, while plaintiff may not be satisfied with defendants' response in this regard, that dissatisfaction alone does not provide a basis for a motion to compel. Accordingly, the court will not order further responses to these interrogatories in light of defendants' representations that they do not know the current addresses of the two individuals.

/////

/////

IV. Plaintiff's Interrogatories and Request for Production of Documents (Set Two)

    A. Requests No. 1 through 13:

In these thirteen requests, plaintiff asks that defendants "[s]tate the duties" of defendants Adams, Babich, Bartos, Garate, Harrison, Holmes, Johnson, McClure, McKean, Nergenah, and Vanderville, and "[i]f those duties are set forth in any job description or other document, produce the document." (MTC at 14; Ex. N at 2-4.) Defendants acknowledge that some of the job descriptions produced pursuant to these requests had pages missing and they agree to provide plaintiff with the missing pages. Defendants also agree to provide supplemental responses to interrogatories 4, 7, 10, 12, and 13 to include information about the specific positions referred to in those requests. (Opp'n at 10.) Supplemented as proposed by defendants, the responses appear to be adequate. Therefore, the court will order defendants to supplement their responses and produce the missing job description pages as offered.

    B. Requests No. 14 and 15:

Interrogatory/Request for Production No. 14:
State the procedures in effect during December 1999 at H.D.S.P. A-facility for processing CDC 115's charging inmates with rules violations. If those procedures are set forth in any policy, directive, or other documents, produce those documents.

Interrogatory/Request for Production No. 15:
State the procedure in effect during [D]ecember 1999 at H.D.S.P.'s A-facility for distributing property to inmates on A-facility, including personal property, quarterly packages and special purchases. If those procedures are set forth in any policy, directive, or other documents, produce those documents.

(MTC, Ex. N at 5.) In response to these interrogatories/requests, defendants attached copies of the California Code of Regulations regarding inmate discipline.

In their opposition to plaintiff's motion to compel, defendants agree "to supplement their responses to indicate whether there are policies and procedures particular to High Desert State Prison." (Opp'n at 10.) Supplemented as proposed by defendants, the

/////

responses appear to be adequate. Therefore, the court will order defendants to supplement their responses as offered.

  C. <u>Requests No. 16, 17, and 18</u>:

> <u>Interrogatory/Request for Production No. 16</u>:
> State the Due Process Hearing procedures afforded inmates facing disciplinary charges on H.D.S.P.'s A-facility during December 1999 through January 2000. If these procedures are set forth in any policy, directive, or other document, produce those documents.
>
> Response:
> Defendants object to this request on the basis that it is overly burdensome, as the requested documents are available for inspection and copying under institutional policies and procedures via the law library. Without waiving these objections, please see CCR § 3310-3326, and DOM § 52080.1-52080.35.
>
> <u>Interrogatory/Request for Production No. 17</u>:
> State the Due Process Procedures entitled inmates facing validation (gang) in H.D.S.P.'s Administrative Segregation units in the year 2000. If these procedures are set forth in any policy, directive, or other documents, produce those documents.
>
> Response:
> Defendants object to this request on the basis that it is overly burdensome, as the requested documents are available for inspection and copying under institutional policies and procedures via the law library. Defendants do not have possession of the requested documents. Without waiving these objections, please see CCR §§ 3023, 3164, 3335-3345, and DOM §§ 52080.24, 11010.16.4.1.1.
>
> <u>Interrogatory/Request for Production No. 18</u>:
> State the procedures in effect during September 2000 at H.D.S.P. for placing inmates on contraband watch. If those procedures are set forth in any policy, directive, or other document, produce those documents.
>
> Response:
> Defendants object on the grounds that the request is unduly burdensome. Without waiving these objections, copies of the Department Operations Manual and the California Code of Regulations are available for inspection and copying under institutional policies and guidelines via the law library.

(MTC, Ex. N at 5-6.)

/////

1    Plaintiff argues that copies of the DOM and California Code of Regulations are
2 not in the law library at CSP-Corcoran where he is now incarcerated. In their opposition to the
3 motion to compel, defendants agree to provide plaintiff with the pertinent sections of the DOM
4 and Code of Regulations. (Opp'n at 10.) To the extent that plaintiff contends that defendants'
5 responses are otherwise incomplete, plaintiff has not provided any support for this contention and
6 the court finds the responses otherwise adequate. Therefore, the court will not order further
7 responses or production of documents other than to order defendants to produce to plaintiff the
8 pertinent sections of the DOM and Code of Regulations as they have offered to do.

     D. Requests No. 19, 20 and 21:

> Interrogatory/Request for Production No. 19:
> State the names, Titles, and duties of all staff members at H.D.S.P. who had the responsibility in 1999 through 2001 for responding to, investigating or deciding inmate grievances. If those duties are set forth in any job description, policy, directive, or other document, produce those documents.
>
> Response:
> Defendants object to this request on the basis that it is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, Defendants will not respond.
>
> Interrogatory/Request for Production No. 20:
> State the procedure in effect between March 1999 through February 2001 at H.D.S.P. for responding to, investigating and deciding inmate grievances. If the procedure for handling grievances of staff complaints (CDC 1858) is different from the procedure for handling regular CDC 602's, state both procedures. If those procedures are set forth in any directive, manual or other document, produce those documents.
>
> Response:
> Defendants object to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, compound and violates the privacy rights of correctional staff. Based on these objections, Defendants will not respond.
>
> Interrogatory/Request for Production No. 21:
> State the names, titles, and duties of all staff members at H.D.S.P. who had the responsibility in the year 2000 for providing copies of

/////

documents as required by Title 15 CCR. Section 3338 sub. sec. i[2] to plaintiff.

Response:
Defendants object to this request on the basis that it is overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendants respond that records of this information are retained only for three years.

(MTC, Ex. N at 7-8.)

Plaintiff argues that the evidence he seeks through these discovery requests will show that the applicable prison procedures are regularly ignored and that defendants conspired to deprive him of his due process rights when plaintiff was retained in segregation under false pretenses. (Id. at 22.) Defendants counter that the names and duties of staff members who are responsible for processing inmate grievances are not relevant for plaintiff's conspiracy claim. Nevertheless, defendants have agreed to provide the information sought by request number 20. Supplemented as proposed by defendants, the responses appear to be adequate. The court finds that request number 19 is overly broad and not likely to result in the discovery of relevant evidence. Therefore, the court will not order further responses or production for requests number 19 but will order a further response to request number 20 as offered by defendants.

As to his request number 21, plaintiff argues that defendant Vanderville signed a form indicating that plaintiff was not provided copies of documents as required by 15 CCR §

---

[2] California Code of Regulations, tit. 15, section 3338(i) provides:

The determinations arrived at in the classification hearing will be documented in the hearing portion of the segregation order, CDC Form 114-D, and in the classification committee report, CDC Form 128-G, depending upon the hearing at which the need for segregated housing is resolved. Such documentation will include an explanation of the reason and the information and evidence relied upon for the action taken. A copy of the completed CDC Form 114-D and any CDC Form 128-G resulting from hearings will be routed to the inmate's central file. The inmate will also be given copies of all completed forms and of all other documents relied upon in the hearing except those containing confidential information.

3338(i) and that the information he now seeks pursuant to this request is relevant to his conspiracy claim. Defendants respond by now representing that they are not in possession of any information or document responsive to this request. Based on defendants' representation that no responsive information or documents exist and in light of plaintiff's failure to make any showing to the contrary, no further response to this discovery request will be required.

V. <u>Plaintiff's Interrogatories and Request for Production of Documents (Set Three)</u>

In response to the motion to compel, defendants have acknowledged that they inadvertently failed to respond to plaintiff's interrogatories 1 to 11, 18, 19, 24, and 27. In their opposition filed February 20, 2007, defendants agreed to provide supplemental responses to those interrogatories within thirty days. At the same time defendants agreed to supplement their responses to plaintiff's requests numbered 13, 14, 16, and 17, and to provide a page missing from the document previously produced in response to request number 12.

The thirty day period has long since passed and plaintiff has not notified the court that defendants have failed to provide the supplemental responses as promised. The court will assume that the supplemental response has been delivered and that it is sufficient. Accordingly, the court will not order any additional response to the requests beyond the promised supplemental responses.

<u>Interrogatory No. 20:</u>
State the location of any and all log books or sign-in sheets required to be completed by prison staff prior to accessing administrative segregation inmate property in the year 2000 at H.D.S.P.

Response:
Defendants respond that the requested documents do not exist, as they are retained for three years under the CDCR's records retention policy.

(MTC, Ex. O, at 3-4.)

Plaintiff contends that in a unrelated case, he obtained "similar log book requests dating back to 1999" and that this causes him to believe that defendants are being "untruthful and

evasive" in their response to this discovery request. (Id. at 25.) Defendants counter that plaintiff does not claim that any of the defendants were responsible for maintaining the log books in question. Defendants also argue that plaintiff has provided no explanation of how the answer to this interrogatory is relevant to the pending action.

Plaintiff has not made any showing that the information he seeks by way of this interrogatory is relevant or likely to lead to the discovery of admissible evidence nor is any such relevance apparent on the face of the request. The motion to compel will be denied as to this interrogatory.

Finally, plaintiff's interrogatories numbered 22, 25 and 26 seek the current addresses and telephone number of defendants Hansen, Singletary and Farris. In their opposition brief defendants withdrew their objection and agree to provide responses to these interrogatories for Singletary, Farris and Hansen.[3] The court will order that they do so.

## VI. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 15, 2006 motion to compel is granted in part and denied in part as indicated above;

2. Within thirty days of the service of this order, defendants shall provide the supplemental responses and documents specified above and in their opposition to plaintiff's motion to compel, unless they have already done so; and

/////
/////
/////
/////
/////

---

[3] Defendants have also indicated, however, that they do not have contact information for Singletary and Farris.

3. Plaintiff's March 20, 2007 request to file a late reply to defendants' opposition to plaintiff's motion to compel, is granted.

DATED: September 27, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.mtc