IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

Plaintiff, No. CIV S-03-1605 GEB DAD P

vs.

S. COOK, et al.,

Defendants. ORDER

_________________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The incidents giving rise to this action took place while plaintiff was incarcerated at High Desert State Prison (HDSP). Following multiple summary judgment motion, plaintiff is now proceeding to trial on his remaining claims of retaliation and procedural due process violations in connection with his gang validation and retention in administrative segregation as a result thereof.

On August 19, 2009, the undersigned issued an order resetting the jury trial in this action for May 4, 2010 before the assigned district judge. Thereafter, plaintiff filed a number of motions and requests that are now pending before the court. Below, the court addresses those various motions and requests.

/////

I. Plaintiff's Requests For Counsel

Plaintiff has filed a number of motions and requests with the court seeking the assistance of counsel. In this regard, on May 1, 2009, plaintiff filed a document with the court styled, "Notice of past and current intentional obstruction to court access by prison officials, and fraud. And previous warning to prison officials by the United States District Court. [sic] Request to hold officials in contempt and order they cease conduct. And request for counsel. [sic]" (Doc. No. 193.) Next, on May 21, 2009, requested that the court use its "congressionally authorized discretion" and ask counsel from its pro bono list to assist plaintiff. (Doc. No. 196) Thereafter, on September 2, 2009, plaintiff filed a document with this court styled, "Notice Of Additional Mental Incapacity, And, Request For This Court To Ask Counsel To Assist." (Doc. No. 200.) On January 19, 2010, plaintiff then filed a document requesting, in part, that counsel be sought to represent plaintiff and that the scheduled jury trial date be vacated until plaintiff had been able to obtain expert witnesses to testify on his behalf. (Doc. No. 203.) Finally, on March 8, 2010, plaintiff filed a document with the court styled, "Plaintiff's Notice Of Impediments And Suggestion By Expert Witness," in which he contends that "Corrections Expert Daniel B. Vasquez" has suggested to plaintiff that he obtain counsel. (Doc. No. 206 at 1.)

Law and motion is closed in this action and the matter is set for trial. While appointment of counsel was not previously deemed appropriate, the court is mindful of the difficulty that a pro se litigant such as plaintiff encounters at trial in a civil rights action such as this. Accordingly, plaintiff's requests that the court seek pro bono counsel on his behalf will be granted at this time. The undersigned has referred this matter to the Eastern District's Pro Bono Panel. The court's referral does not guarantee that counsel will be obtained to represent plaintiff at trial. It merely means that the court will attempt to secure counsel for plaintiff from the Pro Bono Panel if possible.

Unfortunately, in light of the number of cases pending in this district which are similarly situated, the process of merely determining whether pro bono counsel can be located

will may take approximately two months. In light of the court's referral of this matter to the Pro Bono Panel, the court will therefore vacate the May 4, 2010 trial date at this time. A new trial date will be reset, as appropriate, after a determination has been made on the court's referral.

II. Plaintiff's Requests Concerning Trial Witnesses

Pursuant to the court's further scheduling order filed on March 3, 2009, on April 22, 2009 plaintiff filed his pretrial statement and his request for witnesses to be brought to court for his trial. (Doc. No. 191.) Therein, plaintiff requests the attendance of twenty current or former inmate witnesses, as well as several unincarcerated witnesses, at his trial. It appears that several of the incarcerated witnesses identified by plaintiff would be capable of testifying only regarding claims advanced by plaintiff that have previously been dismissed by the court. The court will deny plaintiff's request for the attendance of witnesses at trial, without prejudice, at this time.

In a subsequent order the court will set a new deadline for the filing of such request. However, plaintiff is cautioned that the court will not order the attendance of multiple prisoners witnesses at trial for the purpose of securing cumulative testimony. Plaintiff is advised that he should carefully select his incarcerated witnesses and to make sure that he has provided to the court in any future request all of the information concerning such witnesses required by the court's March 3, 2009 further scheduling order.

Plaintiff is also advised that the court will not issue any orders compelling the attendance of unincarcerated witnesses. Plaintiff must follow the procedures described in the March 3, 2009 further scheduling order to obtain the attendance of unincarcerated witnesses at trial.

In addition, on September 2, 2009, plaintiff filed a document styled, "Notice Of Anticipated Prejudice And Request For Orders To Ensure That Felon Witnesses Are Produced, At State Expense, For Trial." (Doc. No. 201.) It appears that plaintiff filed this document in order to ensure that his incarcerated witnesses are made available to him at the time of trial. To

do so, plaintiff seeks a court order preventing his currently incarcerated witnesses from being released on parole until after they have testified at his trial. Plaintiff's request in this regard is frivolous and seeks an order which is beyond the court's authority. Accordingly, plaintiff's request in this regard will be denied.

On January 7, 2010, plaintiff filed a request with the court seeking the appointment of expert witnesses on his behalf. (Doc. No. 202.) Specifically, plaintiff requests that Daniel Vasquez, Craig Haney, and Paul Good be appointed as his expert witnesses. In support of this request plaintiff contends that these expert witnesses testified in the case of Lira v. Cate, Case No. C-00-0905 SI (N.D. Cal.). According to plaintiff, the court in Lira found that plaintiff's due process rights were violated because he was not provided notice and an opportunity to be heard before he was validated as a gang member and placed in segregation. Plaintiff contends that Daniel Vasquez testified on behalf of the plaintiff in the Lira case about the evidence used in the validation process for inmate Lira and the reliability of such evidence. Plaintiff also contends that inmate Lira was placed on contraband surveillance watch and that "expert witnesses Craig Haney and Paul Good testified to the psychological effects resulting from those conditions, and to the benefits that fair proceedings and acknowledging the erroneous validation would produce." (Doc. No. 202 at 3.)

Plaintiff's request for the appointment of expert witnesses will be denied at this time because plaintiff has failed to establish that the experts whose appointment he seeks could provide relevant testimony in this action. The court has previously determined that the only remaining issues which survived defendants' motion for summary judgment, are whether plaintiff was provided an opportunity to express his views at the following stages of the gang validation process: his initial placement in administrative segregation, his retention in administrative segregation and his ultimate validation as a gang member. (See Findings and Recommendations filed Sept. 29, 2008 (Doc. No. 178), at 35-46; Order adopting Findings and Recommendations filed Jan. 16, 2009 (Doc. No. 184). Therefore, the reliability of evidence used

in plaintiff's gang validation, the psychological effects of being placed on surveillance watch and being subjected to an erroneous validation process, are not claims or issues that will be resolved at the trial of this action. Accordingly, plaintiff's request for appointment of expert witnesses will be denied.

III. Plaintiff's Requests Concerning Defendants' Pretrial Statement

On May 21, 2009, plaintiff filed a document styled, "Notice Of Bias And Prejudice; And, Opposition To Portions Of Defendant's Pre-Trial Statement." (Doc. No. 195.) Therein, plaintiff complains that the undersigned is biased because defendants were allowed to file their pretrial statement after having an opportunity to review plaintiff's pretrial statement. Plaintiff also submits various objections and comments concerning defendants' pretrial statement. In this regard plaintiff asserts that defendants have identified defendants Hansen, Singletary and Farris as tentative witnesses. Plaintiff notes that the U.S. Marshall was unable to executive service on defendants Hansen, Singletary and Farris and they were dismissed from this action because they were not timely served. Because the defense apparently now proposes to call the unserved defendants as witnesses at trial, plaintiff seeks a court order requiring counsel for defendants to provide the contact information for the three defendants, reopening discovery as to those previously unserved defendants, reinstating plaintiff's previously dismissed fifth, sixth, fourteenth and nineteenth causes of action, and striking all of the "non-defendant witnesses" listed in defendants' pretrial statement. (Id. at 4.)

The relief plaintiff seeks in this regard is overbroad and completely unsupported. Accordingly, plaintiff's request will be denied. However, the court will order defendants' counsel to inform the court as to how defendants Hansen, Singletary and Farris were apparently located by defense counsel when service of process on those same individuals could not be executed by the U.S. Marshall.

On May 21, 2009, plaintiff filed another document with this court styled, "Request For Order Compelling The Addresses To Defendant's Listed Witnesses Hansen,

Singletary And Farris, And For Court To Order U.S. Marshall To Serve Summons And Complaint Upon The[m] To Ensure They Stand Trial; And, Request For Court To Strike All Other Non-Defendant Witnesses Listed In Defendant's Pre-Trial Statement For Failure To Comply With Local Rule 16-281(b)(10)." (Doc. No. 197.) Thereafter, on June 19, 2009, plaintiff filed a document with the court styled, "Notice Of Remand And Request For Order For Defense Counsel's Office To Relinquish Contact Information For Troy Singletary; And, For U.S. Marshall's Service To Serve Summons And Complaint." (Doc. No. 198.)

These requests filed by plaintiff with the court are duplicative of those addressed above and will likewise be denied.

IV. Miscellaneous Notices and Requests

On May 1, 2009, plaintiff filed with the court yet another document styled, "Notice of past and current intentional obstruction to court access by prison officials, and fraud. And previous warning to prison officials by the United States District Court. [sic] Request to hold officials in contempt and order they cease conduct. And request for counsel. [sic]" (Doc. No. 193.) Therein, plaintiff contends that "Corcoran officials are obstructing my court access by not providing me copies of documents, and are fabricating reasons to justify those denials." (Id. at 1.) Specifically, plaintiff contends that he has requested a copy of his entire "CDC 114 files" but his request was refused because he lacked the funds for photocopying and did not show documentation that his request was made for legal purposes. (Id. at 2.) Plaintiff now requests that the court order Warden Adams at CSP-Corcoran to provide him with copies of "all CDC 114A's that pertain to me" and plaintiff's entire central files. (Id. at 3.) Plaintiff also requests that the court find Warden Adams and "all grievance Respondent be held in contempt of court," order Warden Adams "to forever cease impeding inmate's court access necessities," and "Ask counsel to assist" plaintiff. (Id. at 3.)

Plaintiff's request in this regard will again be denied as overly broad. Moreover, plaintiff has not demonstrated the relevance of the documents he seeks to obtain by way of this

request to the trial of this action. Finally, plaintiff's various requests for counsel have been addressed above.

On May 6, 2009, plaintiff filed another document with the court styled, "Notice Of Obstruction To Court Access And Request For Order To Show Cause." (Doc. No. 194.) Therein, plaintiff provides further information concerning his efforts to obtain copies of all documents in his central file. Plaintiff again requests that the court issue a show cause order directed at Warden Adams. Again, plaintiff has not demonstrated the relevance of the central file documents he seeks to the trial of this action. Accordingly, this request will also be denied

On January 19, 2010, plaintiff filed a document with the court styled, "Objections To Magistrate Judge's Failure To Act Upon Seven (7) Motions Submitted By Plaintiff Since April 2009; Request For Extension Of Trial Date; And, Request For United States District Judge To Utilize His Discretion Authorized Pursuant To 28 U.S.C. § 1915e(1) And Ask Counsel To Assist Me." (Doc. No. 203.) This request will be denied as moot in light of the court's referral to the Pro Bono Panel and vacating of the scheduled jury trial date in this action.

On February 22, 2010, plaintiff filed a document with the court styled, "Notice Of Impending Obstruction To My Ability To Submit Trial Exhibits, And Contempt Of Court By Prison Officials, And Request For Preliminary And Permanent Injunction." (Doc. No. 204.) Therein, plaintiff contends that at CSP-Corcoran, where he is incarcerated, the law library no longer has books and pamphlets necessary for legal research and that prisoners must now provide specific titles or citations to obtain legal materials on computer disk. Plaintiff claims that he has requested "Fed. Digest. 'order to show cause'" but such materials have not been made available to him because his request was not specific enough and would require downloading more than 30-pages of legal materials. (Id. at 1.) In addition, plaintiff asserts that inmates have been told that there is a fifty-page limit on photocopying services, which may be exceeded only if the inmate submits a written explanation of the necessity of the requested materials and that explanation is accepted after review. Based on these representations, plaintiff seeks an injunction

prohibiting restrictions on photocopying, compelling the installation of computers in the security housing unit law library or, in the alternative, making materials available in book form, requiring legal research training by CSP-Corcoran staff, and compelling prison officials to photocopy all of plaintiff's requested documents. Plaintiff also seeks an evidentiary hearing, the appointment of counsel and the imposition of $100,000,000 fine on the California Department of Corrections and Rehabilitation.

In this regard, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. Of course, this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Accordingly, plaintiff's motion will be denied as defective.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The trial set for May 4, 2010 before the Honorable Garland E. Burrell, Jr. is vacated;

2. Plaintiff's requests that the court refer this case for possible appointment of counsel (Doc. Nos. 193, 196, 200, 203, and 206) are granted. The court will notify plaintiff within the next eight weeks whether pro bono counsel has been obtained to represent him at the trial of this action. Until that time plaintiff is instructed to file no further duplicative requests or motions with the court;

3. Plaintiff's requests concerning the attendance of witnesses at trial and the appointment of expert witnesses (Doc. Nos. 191, 201, and 202), are denied;

4. Plaintiff's requests concerning defendants' witnesses Hansen, Singletary and Farris (Doc. Nos. 195, 197, and 198) are denied;

5. Plaintiff's requests concerning photocopying of his documents, grievances, and central file (Doc. Nos. 193 and 194) are denied;

6. Plaintiff's February 22, 2010 request for preliminary and permanent injunction (Doc. No. 204) is denied as defective; and

7. Within twenty-one days from the service of this order, counsel for defendants shall provide the court with the following information: (a) the names of those defendants that counsel represents[1]; (b) clarification as to whether counsel or prior defense counsel have been in contact with unserved, dismissed defendants Hansen, Singletary and Farris; and (c) how defense counsel was able to locate these individuals when the U.S. Marshall was unable to execute service upon them.

DATED: March 30, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.ord191+

[1] In a Notice of Change in Designation of Counsel, filed with the court on March 16, 2010, counsel Christopher Becker is identified as counsel only for defendants Gillam, Statti, Martinez and Shaver. However, there are other remaining defendants in plaintiff's claims that are proceeding to trial.