IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

     Plaintiff,                                 No. CIV S-03-1605 GEB DAD P

     vs.

S. COOK, et al.,                               <u>ORDER</u>

     Defendants.

_____/

        This matter came before the court on August 13, 2010, for a hearing on plaintiff's motion to reopen discovery. William Bishop, Jr. of Seyfarth Shaw LLP appeared on behalf of plaintiff Andrew Lopez, and Deputy Attorney General Christopher Becker appeared on behalf of defendants.

        Upon consideration of the parties' pleadings and arguments, the court finds that there has not been a sufficient showing of good cause to reopen discovery at this late date in the proceedings. Accordingly, the court will deny the motion for leave to reopen discovery.

        At the hearing on plaintiff's motion, the court announced the following dates with respect to the scheduling of this action: October 1, 2010 for the filing of plaintiff's pretrial statement, October 29, 2010 for the filing of defendants' pretrial statement, and November 12, 2010 for pretrial conference before the undersigned. However, those dates will now be vacated

and new dates will be set for the filing of a joint pretrial statement, pretrial conference and trial before the assigned district judge, the Honorable Garland E. Burrell, Jr. The settlement conference set for December 2, 2010 at 10:00 a.m. before the undersigned will remain in place as scheduled. Both parties have waived any claim of disqualification to the undersigned conducting the settlement conference. By this order, the parties will be required to provide confidential settlement conference statements for the court's consideration one week prior to the scheduled settlement conference. In addition, within thirty days from the service of this order counsel for plaintiff shall file a notice informing the court whether plaintiff wishes to appear in person for the settlement conference or appear by video conferencing which is available at his institution of incarceration.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 16, 2010 motion to reopen discovery (Doc. No. 219) is denied;

2. The following dates announced at the August 13, 2010 hearing are vacated: October 1, 2010 for the filing of plaintiff's pretrial statement; October 29, 2010 for the filing of defendants' pretrial statement; and November 12, 2010 for pretrial conference before the undersigned;

3. This case is set for settlement conference before the undersigned Magistrate Judge on December 2, 2010, at 10:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, in Courtroom #27 (8th floor).

    a. The parties shall appear with full settlement authority;

    b. The parties are to provide confidential settlement conference statements to the following email address, dadorders@caed.uscourts.gov, so they arrive no later than November 24, 2010. Additionally, each party shall file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)); and

    c. Within thirty days from the service of this order, plaintiff's counsel shall inform the court as to whether plaintiff wishes to appear in person or by video conferencing

1  at the settlement conference. The court will issue the appropriate writ of habeas corpus ad
2  testificandum in order for plaintiff to participate in that settlement conference;

3        4. Pretrial conference shall be before the Honorable Garland E. Burrell, Jr. on
4  January 31, 2011, at 1:30 p.m. in Courtroom 10 (13th floor). The parties are cautioned that the
5  lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial
6  conference.

7        The parties are warned that non-trial worthy issues could be eliminated *sua sponte*
8  "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed
9  facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders
10 Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

11       The parties shall file a **JOINT pretrial statement** no later than seven (7) calendar
12 days prior to the final pretrial conference.[1] The joint pretrial statement shall specify the issues for
13 trial, including a description of each theory of liability and affirmative defense, and shall estimate
14 the length of the trial.[2] The Court uses the parties' joint pretrial statement to prepare its final
15 pretrial order and could issue the final pretrial order without holding the scheduled final pretrial
16 conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
17 requirement that the court hold a pretrial conference.").

18       If possible, at the time of filing the joint pretrial statement, counsel shall also
19 email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.
20 /////
21 /////

---

[1] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[2] The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

3

5. Trial shall commence before the Honorable Garland E. Burrell, Jr. at 9:00 a.m. on March 22, 2011, in Courtroom 10 (13th floor).

DATED: September 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lopez1605.oah.sched