IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

    Petitioner,                    No. CIV S-03-1605 GEB DAD P

    vs.

S. COOK, et al.,

    Respondents.              ORDER

_____/

        On December 2, 2010, the undersigned presided over a settlement conference in the above-entitled action. Plaintiff Andrew Lopez and his counsel William Bishop appeared. Deputy Attorney General Christopher Becker appeared for defendants. After the settlement conference concluded, the following matters were heard.

**WITHDRAWAL OF COUNSEL AND TRIAL SCHEDULE**

        On November 3, 2010 and November 4, 2010, plaintiff's counsel, Mr. Bishop, filed requests seeking to be relieved. In light of the circumstances set forth in counsel's requests and his supporting declaration, filed on November 17, 2010, the request to withdraw as counsel will be granted. Plaintiff shall now, once again, proceed pro se in this action. No further requests for the appointment of counsel by plaintiff will be entertained.

/////

1

On November 17, 2010, counsel for plaintiff filed an amended ex parte application to continue the March 22, 2011 trial date and other trial related dates. That application will be granted in part and denied in part. In this regard, the January 31, 2011 pretrial conference previously set before District Judge Garland E. Burrell, Jr. will be vacated. In addition, the parties will be relieved of the requirement of filing a joint pretrial statement. However, the March 22, 2011 trial date shall remain in effect. At the hearing, the undersigned rescheduled the case and set the following dates: December 24, 2010 for plaintiff to file his pretrial statements; January 7, 2011 for defendants to file their pretrial statement; the court will conduct a pretrial conference on the papers on January 14, 2011, and a trial confirmation hearing will be held on February 11, 2011 at 1:30 p.m. in Courtroom 10 (13th floor) before the assigned district judge.[1]

## REQUIREMENTS FOR PRETRIAL STATEMENT

In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

/////

---

[1] At the hearing the undersigned indicated that a pretrial conference would be set before Judge Burrell on or about February 8, 2011, pending confirmation of available date and times.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

  1.  The prospective witness is willing to attend;

  and

  2.  The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.

The motion must:

  1.  State the name and address of each such witness;

  and

  2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

  1.  The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

  2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

/////

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

> 1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.
>
> Or
>
> 2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

IV. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The November 3, 2010 and November 4, 2010 requests to withdraw filed by attorney William Bishop (Docs. No. 233 and 235), are granted.

2. Plaintiff Andrew Lopez shall henceforth proceed pro se and no further requests for the appointment of counsel by plaintiff will be entertained.

/////

5

3. Plaintiff's November 17, 2010 amended ex parte application to continue trial and trial related dates (Doc. No. 238) is granted in part and denied in part, as follows:

    a. The Pretrial conference set for January 31, 2011 before the Honorable Garland E. Burrell, Jr., is vacated;

    b. The requirement that the parties file a joint pretrial statement as set forth in the court's September 22, 2010 order, is vacated;

    c. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before December 24, 2010.[2] Defendants shall file their pretrial statement on or before January 7, 2011. The parties are advised that failure to file a pretrial statement as required by Local Rule 281(b) may result in the imposition of sanctions, including dismissal of this action. Because this action has been pending before the court for over seven years, no requests for an extension of time to file pretrial statements will be entertained.

    d. The Pretrial conference (as described in Local Rule 282) in this case will be held on January 14, 2011, before the assigned magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

    e. The trial confirmation hearing will be held before the Honorable Garland E. Burrell, Jr. on February 11, 2011 at 1:30 p.m. in Courtroom 10 (13th floor).

    f. This matter is set for jury trial before the Honorable Garland E. Burrell, Jr. on March 22, 2011 at 9:00 a.m. in Courtroom 10 (13th floor).

/////
/////
/////

---

[2] As indicated at the hearing, in his pretrial statement plaintiff may incorporate by reference any specific portion of the pretrial statement he filed in this action on April 22, 2009 (Doc. No. 190) which was filed by plaintiff himself prior to the appointment of counsel on his behalf.

        4.  As previously indicated, all motions and requests filed by plaintiff Andrew Lopez while he was represented by pro bono counsel arranged by the court are denied.

DATED: December 3, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.oahsett