1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW R. LOPEZ,

11           Plaintiff,                    No. CIV S-03-1605 GEB DAD P

12       vs.

13   S. COOK, et al.,

14           Defendants.              AMENDED ORDER

15   _____/

16           In the court's June 18, 2010 order filed following the June 4, 2010 status

17   conference, the court inadvertently omitted plaintiff's fifteenth cause of action from the list of

18   remaining claims upon which this action is proceeding to trial.  This amended order merely

19   corrects that omission with all other aspects of the June 18 order remaining unchanged.

20           This matter came before the court on June 4, 2010 for a status conference.

21   William Daley Bishop, Jr. appeared on behalf of plaintiff Andrew Lopez, and Christopher James

22   Becker appeared on behalf of defendants.  The following matters were heard.

23   /////

24   /////

25   /////

26   /////

1

1  I.  Remaining Claims and Defendants

2          It appears that this action is currently proceeding on plaintiff's first[1], second,

3  eighth,  ninth, tenth, and fifteenth[2] causes of action.  The parties are advised to consider whether

4  this action should proceed on plaintiff's eighth and ninth causes of action.  In this regard, the

5  court has previously determined that plaintiff had failed to present any evidence of a retaliatory

6  motive on the part of defendants McKean and Bartos when they issued rules violation reports

7  based on plaintiff's violation of regulations.  See Findings and Recommendations, filed Sept. 29,

8  2008 at 27-28.  Accordingly, summary judgment was granted in favor of defendants with respect

9  to those retaliation claims.  See Order filed Jan. 16, 2009.

10         The parties agree that there are seventeen defendants remaining.[3]

11  II.  Counsel's Access to his Client

12         Due to plaintiff's custody status and housing, Mr. Bishop has had difficulties

13  meeting with plaintiff since his appointment.  The court requested that defendants' counsel make

14  any inquiries that might be helpful in expediting Mr. Bishop's access to his client.

15  /////

16  /////

17

18      [1]  Plaintiff's first cause of action contains many sub-claims.  However, this action is
proceeding only on the sub-claim concerning the alleged retaliatory placement and retention of
plaintiff in administrative segregation by defendants Cook and Garate.  See Findings and
19  Recommendations, filed Sept. 29, 2008 at 15-16; Order filed Jan. 16, 2009.

20      [2]  The fifteenth cause of action is limited to plaintiff's claim that his procedural due
process rights were violated during his initial placement in administrative segregation, his
21  retention in administrative segregation, and his gang validation.  However, plaintiff's claim that
his gang validation was not supported by the "some evidence" standard, has previously been
22  dismissed.  See Findings and Recommendations, filed Sept. 29, 2008 at 45; Order filed Jan. 16,
2009.
23

24      [3]  The court questions whether this action should proceed against all the named
defendants, not previously dismissed, with respect to plaintiff's fifteenth cause of action.
Plaintiff's counsel is directed to re-consider the role and involvement of each of the remaining
25  defendants in connection with plaintiff's procedural due process claim involving his placement
and retention in administrative segregation and gang validation process.  See Findings and
26  Recommendations, filed Sept. 29, 2008 at 39-40; Order filed Jan. 16, 2009.

III.   Request to Re-open Discovery

      Plaintiff's counsel requested leave to file a motion to re-open discovery with respect to plaintiff's retaliation claims.  The request was granted and the following dates were set: plaintiff's motion for a limited re-opening of discovery shall be filed and served on or before July 16, 2010; defendants' opposition to the motion shall be filed and served on or before July 30, 2010; plaintiff's reply, if any, shall be filed and served on or before August 6, 2010; and plaintiff's motion for a limited re-opening of discovery will be heard before the undersigned on August 13, 2010 at 10:00 a.m. in Courtroom 27.

IV.   Settlement Conference

      Although defendants' counsel has indicated that a settlement conference would be potentially beneficial at this time, no settlement conference will be scheduled until plaintiff's counsel has had the opportunity to meet with the client to determine whether they agree that a settlement conference would be appropriate at this time.  The court informed the parties that at the hearing on the motion for a limited re-opening of discovery, they should be prepared to discuss whether a settlement conference should be scheduled at that time, whether they would prefer to have the settlement conference before the undersigned and waive any disqualification stemming therefrom, or to have another magistrate judge assigned to conduct the settlement conference, as well as possible dates for that settlement conference.

V.   Other Matters

      On April 8, 2010, defendants filed a response to the court's March 31, 2010 order concerning the inclusion of defendants Hansen, Singletary and Farris on defendants' list of trial witnesses.  The court is satisfied with defendants' response and no further order will issue in that regard.

      On April 8, 2010, plaintiff filed a document styled, "Notice Of Obstructions To Ability To Prepare For Trial.  Request For Extension To Submit Documents And Subpeona's [sic].  Second Request For An Order Requiring Clerk To Provide Mileage Determinations.  And,

1   Request For Subpoena's And For Counsel."  On April 16, 2010, plaintiff filed a document styled,

2   "Objections To Magistrate Judges [sic] Order At Docket Number 208."  Plaintiff's motion and

3   requests will be denied as moot due to the appointment of counsel.

4   VI.   Conclusion

5            In accordance with the above, IT IS HEREBY ORDERED that:

6            1.   Defendants' counsel shall make any inquiries that might be helpful in

7   expediting Mr. Bishop's access to his client;

8            2.   Plaintiff's motion for a limited re-opening of discovery shall be filed and

9   served on or before July 16, 2010; defendants' opposition to the motion shall be filed and served

10  on or before July 30, 2010; plaintiff's reply, if any, shall be filed and served on or before August

11  6, 2010; and plaintiff's motion for a limited re-opening of discovery will be heard before the

12  undersigned on August 13, 2010 at 10:00 a.m. in Courtroom 27.

13           3.   Plaintiff's April 8, 2010 motion requesting appointment of counsel (Doc. No.

14  212) and other requests are denied as moot due to the appointment of counsel; and

15           4.   Plaintiff's April 16, 2010 objections to the court's March 31, 2010 order (Doc.

16  No. 213), is disregarded since the objections were filed after the appointment of counsel.  The

17  court will disregard any further motions or documents that are not filed by counsel on plaintiff's

18  behalf.

19  DATED: December 3, 2010.

20

21  _____

22  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

23  DAD:4
    lope1605.am.ord217

24

25

26

4