IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

      Plaintiff,                         No. CIV S-03-1605 GEB DAD P

    vs.

S. COOK, et al.,

      Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are miscellaneous matters that were raised by plaintiff in pretrial statement filed December 23, 2010, as well as in other filings by plaintiff.

I. **Requests Made in Plaintiff's Pretrial Statement**

        Throughout his pretrial statement, plaintiff has requested the appointment of counsel. As the court explained in detail in its November 12, 2010 and December 3, 2010 orders, the court will not entertain further requests from plaintiff for the appointment of counsel. In addition, in the "Miscellaneous" section of his pretrial statement, plaintiff presented the following requests, each of which will be separately addressed.

        First, plaintiff requests that the Clerk of the Court calculate the travel fees of plaintiff's non-prisoner witnesses. The request will be denied. Plaintiff is responsible for

1

1  making these calculations and submitting the witness fees and travel expenses with his subpoena
2  pursuant to the court's scheduling order, filed on January 4, 2007, and further scheduling order
3  filed March 3, 2009.
4         Second, plaintiff requests an order directing the U.S. Marshal to locate plaintiff's
5  non-prisoner witnesses.  The request will be denied.  The Marshal will attempt to execute
6  subpoenas on unincarcerated witnesses once plaintiff has provided for each witnesses the
7  completed subpoena form, the address for service, and witness fees.  As in any litigation, it is the
8  party's responsibility to obtain the addresses of witnesses and to provide that information for
9  service of subpoenas.
10        Third, plaintiff requests that the court "reconsider" plaintiff's January 7, 2010
11 request for appointment of Daniel Vasquez, Craig Haney and Paul Goode as plaintiff's expert
12 witnesses.  (See Doc. No. 202.)  On March 31, 2010, the court denied plaintiff's request in this
13 regard, concluding that plaintiff failed to establish that the proposed expert witnesses could
14 provide testimony relevant to the issues remaining for trial.  (See Doc. No. 208 at 4-5.)
15 Plaintiff's request for reconsideration is untimely and his repeated arguments remain
16 unpersuasive.  The request will again be denied and no further request in this regard will be
17 entertained.
18        Fourth, plaintiff requests an order directing the Clerk of the Court to provide
19 plaintiff with twenty-one blank subpoena forms in order to obtain the attendance of his
20 unincarcerated witnesses.  Plaintiff has listed sixteen unincarcerated witnesses.  Therefore, the
21 court will direct the Clerk of the Court to provide sixteen trial subpoenas to plaintiff.  Plaintiff is
22 cautioned, however, that he must complete the subpoena forms and submit the daily witness fee
23 and travel expenses with respect to each witness, no earlier than four weeks and no later than two
24 weeks before trial, to the U.S. Marshal.  The Marshal will not serve the subpoena unless it is
25 properly completed and is accompanied with the appropriate fees.
26 /////

1  Fifth, plaintiff requests an order requiring prison officials to photocopy his trial
2  exhibits that exceed one hundred pages. Pursuant to the pretrial order, filed concurrently with
3  this order, plaintiff has been relieved of the responsibility of providing copies of his exhibits to
4  defendants at the trial confirmation hearing. Therefore, this request will be denied.
5  Sixth, plaintiff "requests this court issue an order in advance of trial preventing
6  defendants from alleging that they did not have to provide me with copies of documents upon
7  which the validat[ion] packet was based . . . prior to submitting the validation packet in October
8  of 2000[.]" (Pl.'s PTS, Doc. No. 250 at 52.) This request will be denied. However, plaintiff
9  may make an appropriate objection to the admissibility of any evidence during the trial.
10  Seventh, plaintiff requests "a pretrial offer of proof requiring defendants to
11  produce '11items' for [plaintiff's gang] validation . . . to prevent . . . prejudice of me having to
12  explain the fraudulent claim . . . to the jury." (Id.) This request will be denied. It appears that
13  plaintiff is seeking production of the evidence used to validate him as a gang member. Discovery
14  in this case has closed and plaintiff's substantive due process claim concerning his gang
15  validation has been dismissed. (See Findings and Recommendations (Doc. No. 178) at 42-45;
16  Judge's Order Adopting Findings and Recommendations (Doc. No. 184).)
17  Eighth, plaintiff requests an order requiring the custodian of records to produce
18  documents, including his central file and medical file, the central files of some of his incarcerated
19  witnesses, and the "files and records of Coach T. Urban at H.D.S.P. for 1997, C-upper
20  Recreation clerk and weight lifting safety test logs." (Pl.'s PTS, Doc. No. 250 at 53.) Plaintiff
21  contends that the requested documents "will undermine defendant Holmes's 128 B of 4-12-00."
22  (Id.) This request will be denied. Again, discovery in this case is closed and, in addition,
23  plaintiff has made no showing that the documents he seeks are relevant to any of the claims
24  remaining before the court and proceeding to trial. For instance, defendant Holmes' 128-B dated
25  April 12, 2000, was one of the ten items considered in connection with plaintiff's gang
26  validation. (See Findings and Recommendations ( Doc. No. 178) at 18.) It appears that plaintiff

is seeking documents to challenge the validity of his gang validation. Plaintiff's claim in that regard has previously been dismissed by the court. For all these reasons, this request will be denied.

II. **Notice of Denial of Notice and Fair Opportunity To Be Heard**

Plaintiff contends that the order issued by then-assigned District Judge Garland Burrell on December 15, 2010, failed to provide plaintiff a fair opportunity to be heard. In that order, Judge Burrell noted that plaintiff's appointed counsel, William Bishop, had requested to withdraw as counsel "on the grounds that plaintiff's conduct had rendered it unreasonably difficult to carry out that representation effectively." (Doc. No. 252 at 2 n.1.) Plaintiff contends that he is prejudiced because he "lack[ed] the notice required to enable me to refute the basis of those grounds and display that additional counsel should be asked to assist me." (Doc. No. 252 at 1.) Plaintiff also argues that a fraud has been committed upon the court because his conduct did not impede his effective representation. Plaintiff argues that the court violated his due process rights in this regard, requests copies of "all documents and records filed since April 8, 2010" and moves once again for the appointment of counsel. This request will be denied in its entirety.

III. **Plaintiff's Objection to Defendant's Pretrial Statement** (Doc. No. 255)

Plaintiff 's objections will be placed in the file and disregarded. Once plaintiff has reviewed the court's pretrial order, he may file objections as provided for in that order.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for appointment of counsel, made in his December 23, 2010 pretrial statement, are denied;

2. Plaintiff's miscellaneous requests set forth in his December 23, 2010 pretrial statement are denied, with the exception that the court will grant in part, plaintiff's request for blank trial subpoenas;

4

3.  Plaintiff's December 23, 2010 requests contained in his document styled, "Notice of Denial of Notice and Fair Opportunity To Be Heard" (Doc. No. 252), are denied;

4.  Plaintiff's January 19, 2011 objections to defendants' pretrial statement will be placed in the file and disregarded; and

5.  The Clerk of the Court is directed to provide plaintiff with sixteen blank subpoena forms.

DATED: January 26, 2011.

*(signature)*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lope1605.misc.