IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

        Plaintiff,                       No. CIV-S-03-1605 KJM-DAD

    vs.

S. COOK, et al.,

        Defendants.            ORDER

I.     PRETRIAL ORDER AND ORDER (ECF 257 & 258)

    Christopher Becker appeared for Defendants and Plaintiff Andrew Lopez appeared for himself via video conference at the trial confirmation hearing, which took place on February 16, 2011. After reviewing the Pretrial Order, objections to the Pretrial Order, and matters raised at the trial confirmation hearing, the Court ORDERS the following:

    Plaintiff has submitted objections to the Pretrial Order and Order of January 27, 2011. The Court will address Plaintiff's objections throughout the following Order. The following Order does not alter these orders in any way except where it explicitly says so.

    As a housekeeping matter, the Court notes that the Pretrial Order on page 4, line 8 misstates the date on which Mr. Harrison reviewed the gang validation package: whereas the Pretrial Order states the date as November 28, 2000, the date should be November 15, 2000.

1

(ECF 257.) In lieu of issuing a new Pretrial Order, the Court directs the parties to accept and reference November 15, 2000 as the operative date. The Court finds it unnecessary to address Plaintiff's objections based upon this misstatement. (*See, e.g.*, ECF 261 at 2-4, 7-8.) Moreover, the Pretrial Order states at page 3, line 15 that it is an undisputed fact that "[o]n February 2, 2000, defendant Garate issued a CDC 114-D . . .," when this is a disputed fact. (*See* ECF 261 at 9.) The Pretrial Order should be read without this fact.

## II. CAUSES OF ACTION

### A. Surviving Claims

Of the twenty-one claims asserted in Plaintiff's Third Amended Complaint, four causes of action are proceeding to trial, two of which are being merged into one:

(1) Claims One and Two, alleging retaliation by Defendants Cook and Garate in Plaintiff's placement and retention in administrative segregation, resulting from Plaintiff's exercise of his First Amendment rights to file grievances and otherwise engage in legal activities. Finding that the forms in which these claims have survived has left the claims essentially identical, and no objection being raised at the trial confirmation hearing, the Court orders these claims merged into one.

(2) Claim Ten, alleging retaliation by Defendant Bartos when he made a statement regarding Plaintiff's activities of "ratting" on officers in front of other inmates, resulting from Plaintiff's exercise of his First Amendment rights to file grievances and otherwise engage in legal activities.

(3) Claim Fifteen, alleging that Plaintiff's procedural due process rights were violated by Defendants Babich, Cook, Garate, Gilliam, Holmes, James, Martinez, McClure, Shaver and Vanderville when Plaintiff was placed and retained in administrative segregation and validated as a gang member.

////

////

B.  Dismissed Claims

Plaintiff appears to object to the dismissal of nearly all of the claims not proceeding to trial.  This is the last time the Court will address such objections as the time to object to dismissal of the claims has long passed.  Plaintiff had the opportunity to, and indeed did, file objections to the Findings and Recommendations recommending dismissal.  (*See* ECF 29 & 179.)  Some of the claims were dismissed over six years ago, on December 6, 2005, while other claims were dismissed over two years ago, on January 15, 2009.[1]  Plaintiff's present objections are either untimely or frivolous or both.

For clarity, the Court identifies claims that are no longer part of the action and are not proceeding to trial as follows:

(1) Claim One, in so far as it alleged that the filing of false reports was a retaliatory action, was dismissed on January 15, 2009.  (ECF 184; ECF 178 at 29.)  Claim One, in so far as

---

[1] The Court notes that Plaintiff has introduced a novel argument to support his contention that no claims or defendants have been dismissed; specifically, that he was not required to include causes of action in his complaint, but facts, and that as such Magistrate Judge Drozd could not have dismissed any claims raised by him.  (ECF 261 at 13.)  Rather, Plaintiff argues that it was Judge Drozd's responsibility to consider the facts alleged, which state valid claims against all defendants, and determine what claims they support.  (*Id*.)  Plaintiff is incorrect in this assessment.  Although the court is mindful of Plaintiff's pro se status and of its obligation to construe pro se pleadings leniently (*Haines v. Kerner*, 404 U.S. 519, 520-21 (1978)), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff was required to "tell the court which of [his] constitutional rights were violated," to make up the "Cause of Action" section of his Complaint as explained in the court's Prisoner Self-Help Packet: Civil Rights Complaints at page 2.  Plaintiff was also instructed to include specific facts to aid the court in determining whether he stated a valid claim.  *Id*.  The Court did just that: it looked to see which constitutional rights Plaintiff claimed were violated and looked at Plaintiff's specific facts to determine whether the facts supported the alleged causes of action.  The Court found that they did not.  This was not "an abuse."  (ECF 261 at 13.)

Furthermore, Plaintiff also objects to the fact that a page limit was placed on his complaint.  Although procedural requirements are more liberally construed in cases like the present one (*see Solis v. Los Angeles*, 514 F.3d 946, 957 n.12 (9th Cir. 2008) (quoting *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir. 2002))), it is within the court's discretion to place page limits on party submissions.  "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (internal citations omitted).

1 it alleged that the theft of Plaintiff's property was a retaliatory action, was dismissed on January 15, 2009.  (ECF 184; ECF 178 at 29.)  Claim One, in so far as it alleged that the fabrication of evidence was a retaliatory action, was dismissed on January 15, 2009.  (ECF 184; ECF 178 at 24.)  Claim One, in so far as it alleged that the threatening of inmates to provide false information for Plaintiff's gang validation was a retaliatory action, was dismissed on January 15, 2009.  (ECF 184; ECF 178 at 24.)  Claim One, in so far as it alleged that the refusal to provide Plaintiff with documentation related to his confinement in administrative segregation and the repeated loss and denial of Plaintiff's administrative appeals were retaliatory actions, was dismissed on January 15, 2009, having been considered in conjunction with Plaintiff's Claim Fifteen.  (ECF 184; ECF 178 at 29 n.17.)

(2)  Claims One and Two, in so far as they alleged Plaintiff's placement and retention in administrative segregation were retaliatory actions, were dismissed against Defendants Adams, Babich, Bartos, Gilliam, Harrison, Holmes, Johnson, McClure, McKean, Martinez, Morton, Nergenah, Shaver, Statti, and Vanderville on January 15, 2009.  (ECF 184; ECF 178 at 16.)  Furthermore, Claims One and Two, in so far as they alleged that false documentation was used to retaliate against Plaintiff, were dismissed against Defendants Adams, Babich, Bartos, Gilliam, Harrison, Holmes, Johnson, McClure, McKean, Martinez, Morton, Nergenah, Shaver, Statti, and Vanderville on January 15, 2009.  (ECF 184; ECF 178 at 16.)

(3)  Claim Three was dismissed on December 6, 2005 for failure to state a cognizable claim.  (ECF 33; ECF 28 at 3.)

(4)  Claim Four was dismissed on December 6, 2005 for failure to state a claim.  (ECF 33; ECF 28 at 4.)

(5)  Claim Five was dismissed on January 15, 2009.  (ECF 184; ECF 178 at 30.)

(6)  Claim Six was dismissed on January 15, 2009.  (ECF 184; ECF 178 at 30.)

(7)  Claim Seven was dismissed on December 6, 2005 for failure to state a claim.  (ECF 33; ECF 28 at 4.)

4

1    (8) Claim Eight was dismissed in so far as it alleged the Fourteenth Amendment as a
2 basis for retaliation on December 6, 2005. (ECF 33; ECF 28 at 2.) The remainder of Claim Eight
3 was dismissed on January 15, 2009. (ECF 184; ECF 178 at 28.)
4    The Court takes note of Plaintiff's objection that Claim Eight was not voluntarily
5 dismissed (ECF 261 at 1), but it is irrelevant whether dismissal was voluntarily. As other
6 language in the Pretrial Order demonstrates, Claim Eight ceased to play any role in this case on
7 January 15, 2009. (ECF 257 at 2 n.2.)
8    (9) Claim Nine was dismissed in so far as it alleged the Fourteenth Amendment as a
9 basis for retaliation on December 6, 2005. (ECF 33; ECF 28 at 3.) The remainder of Claim
10 Nine was dismissed on January 15, 2009. (ECF 184; ECF 178 at 28.)
11   The Court takes note of Plaintiff's objection that Claim Nine was not voluntarily
12 dismissed (ECF 261 at 1), but it is irrelevant whether dismissal was voluntarily. As other
13 language in the Pretrial Order demonstrates, Claim Nine ceased to play any role in this case on
14 January 15, 2009. (ECF 257 at 2 n.2.)
15   (10) Claim Ten was dismissed in so far as it alleged the Fourteenth Amendment as a
16 basis for retaliation on December 6, 2005. (ECF 33; ECF 28 at 3.)
17   (11) Claim Eleven was dismissed on December 6, 2005 for failure to state a claim. (ECF
18 33; ECF 28 at 5.)
19   (12) Claim Twelve was dismissed on January 15, 2009. (ECF 184; ECF 178 at 34.)
20   (13) Claim Thirteen was dismissed on December 6, 2005 for failure to state a claim.
21 (ECF 33; ECF 28 at 5.)
22   (14) Claim Fourteen was dismissed on January 15, 2009. (ECF 184; ECF 178 at 34.)
23   (15) Claim Fifteen was dismissed on January 15, 2009 in so far as it alleged Plaintiff's
24 substantive due process rights were violated. (ECF 184; ECF 178 at 45.)
25   (16) Claim Sixteen was dismissed on January 15, 2009. (ECF 184; ECF 178 at 46.)
26   (17) Claim Seventeen was dismissed on January 15, 2009. (ECF 184; ECF 178 at 46.)

5

(18) Claim Eighteen was dismissed on January 15, 2009. (ECF 184; ECF 178 at 46.)

(19) Claim Nineteen was dismissed on January 15, 2009. (ECF 184; ECF 178 at 34.)

(20) Claim Twenty was dismissed on January 15, 2009. (ECF 184; ECF 178 at 49.)

(21) Claim Twenty-One was dismissed for being duplicative on December 6, 2005.[2] (ECF 33; ECF 28 at 6.)

III. PARTIES

A. Surviving Parties

Claims have survived against eleven defendants: Babich, Bartos, Cook, Garate, Gilliam, Holmes, Johnson, Martinez, McClure, Shaver, and Vanderville.

Defendants asked the Court to exercise its Rule 16 authority to dismiss Defendants Babich, Holmes, Johnson, Martinez, McClure, Shaver, and Vanderville (ECF 254 at 9) and renewed this request in so far as it involves Defendants Holmes and Martinez at the trial confirmation hearing. Plaintiff objected on the grounds that Defendants Holmes and Martinez were involved in the investigation and submission of documents related to his gang validation, and that they were involved in the decisionmaking process. Defendants concede they were involved in the investigation but contend they were not decisionmakers, and maintain that a line must be drawn between investigation and decisionmaking. After reviewing the parties' arguments and the evidence, the Court GRANTS Defendants' request. Neither Defendant Holmes nor Defendant Martinez were present or involved in the administrative segregation placement or review process, nor were they involved in the gang validation. (*See* Compl., ECF 25.) Defendant Holmes allegedly issued a CDC 128-B on April 12, 2000 that described his

---

[2] The Court notes Plaintiff's objections to the dismissal of this claim and his argument that as a result of the dismissal, three defendants - Harrison, Morton, and Nergenah - named in this claim but not named in Claim Fifteen were dismissed. (ECF 261 at 34 n.11.) Claim Twenty-One was dismissed over five years ago; Plaintiff has had the opportunity to file objections to this dismissal and to amend his Third Amended Complaint to add these three defendants to Claim Fifteen. In fact, Plaintiff did file a timely objection to the Findings and Recommendations that recommended Claim Twenty-One be dismissed. (ECF 29.) Plaintiff's present objections are untimely and will not be considered by this Court.

search of Plaintiff's property and claimed that he found evidence of Plaintiff's gang membership. (*Id*. ¶ 67.) In addition, Defendant Holmes took a photograph of Plaintiff on June 1, 1998 in order to update Plaintiff's gang affiliation file. (Holmes Decl., ECF 157-7 at 10.) Defendant Martinez was assigned to contraband watch on September 24, 2000 and allegedly issued a CDC 128-B concerning Plaintiff on October 5, 2000 describing "kites," a term for messages from one inmate to another, he found in Plaintiff's feces. (Compl. ¶¶ 69, 79; Martinez Decl., ECF 157-8 at 6.) These actions all are investigatory actions; there are no facts alleged to support that Defendants Holmes and Martinez participated in the decisionmaking process; as a result, a claim against Defendants Holmes and Martinez for violation of Plaintiff's due process rights cannot stand. *See, e.g.*, *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986) (discussing due process requirements owed prisoners by prison officials in administrative segregation placement). Accordingly, Defendants Holmes and Martinez are hereby DISMISSED.

Plaintiff has asked for leave to add a new defendant, Mr. Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation. (ECF 250 at 48.) Plaintiff does not provide any information regarding how Secretary Cate is implicated in the present claims and only states that he would like to add him "for injunctive relief." (*Id*.) "The court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15. In this case, in which the original complaint was filed almost eight years ago, Plaintiff has had the opportunity to add defendants three times with each amended complaint, and trial is set to occur in less than two months, justice does not require granting leave to amend. Plaintiff's request is DENIED.

B. Dismissed Parties

Plaintiff appears to object to the dismissal of nearly all of the parties not proceeding to trial. Plaintiff had the opportunity to file timely objections to these dismissals earlier in the life of this case. For clarity, however, the Court will identify the dismissed parties - Defendants Adams, Drew, Farris, Hansen, Harrison, McKean, Morton, Nergenah, Singletary, Statti, and Woodford - and explain why they are no longer part of the action.

1  (1) Defendant Adams died on November 3, 2009 and Defendants filed a notice of his death with the Court on April 2, 2010. (ECF 209 at 2.)

Plaintiff objects to the dismissal of Mr. Adams from the case and seeks to substitute Mr. Adams with his estate. (ECF 261 at 4, 22, 33.) More than one year has passed since Mr. Adams's death and ten months have passed since notice of his death was filed; Plaintiff's objection and request for substitution is untimely. FED. R. CIV. P. 25.

(2) Defendant Drew was dismissed on December 6, 2005. (ECF 33; ECF 28 at 7.)

(3) Defendant Farris was dismissed on March 13, 2007. (ECF 111; ECF 79 at 1.)

(4) Defendant Hansen was dismissed on March 13, 2007. (ECF 111; ECF 79 at 1.)

(5) Defendant Harrison was effectively dismissed on January 15, 2009. (ECF 184; ECF 178.) Plaintiff named Mr. Harrison in connection with Claims One, Two, Three, Four, Twenty and Twenty-One. (*See* Compl., ECF 25.) After January 15, 2009, the only claims that survived in this action were Claims One and Two in part and as against Defendants Cook and Garate, Claim Ten in part against Defendant Bartos, and Claim Fifteen in part against Defendants Babich, Cook, Garate, Gilliam, Holmes, Johnson, Martinez, McClure, Shaver and Vanderville. (*See* ECF 184.) No claims survived against Mr. Harrison.

Plaintiff's objection to the dismissal of Mr. Harrison from this case is untimely. (ECF 261 at 5, 33.) Plaintiff's Third Amended Complaint was filed on October 6, 2004. Plaintiff has had almost seven years to seek leave to amend to add Mr. Harrison as a defendant to other claims. In addition, Plaintiff has already objected to the dismissal of the claims involving Mr. Harrison (ECF 29 & 179), which objections the Court has found unpersuasive and, as discussed above, will not reconsider now.

(6) Defendant McKean was effectively dismissed on January 15, 2009. (ECF 184; ECF 178.) Plaintiff named Mr. McKean in connection with Claims One, Two, Three, Four, Eight and Twenty. (*See* Compl., ECF 25.) After January 15, 2009, as noted, the only claims that survived in this action were Claims One and Two in part and as against Defendants Cook and Garate,

1  Claim Ten in part against Defendant Bartos, and Claim Fifteen in part against Defendants
2  Babich, Cook, Garate, Gilliam, Holmes, Johnson, Martinez, McClure, Shaver and Vanderville.
3  (*See* ECF 184.)  No claims survived against Mr. McKean.

4  Plaintiff's objection to the dismissal of Mr. McKean from this case is untimely.  (ECF
5  261 at 4, 33.)  As noted, Plaintiff's Third Amended Complaint was filed on October 6, 2004.
6  Plaintiff has had almost seven years to seek leave to amend to add Mr. McKean as a defendant to
7  other claims.  In addition, Plaintiff has already objected to the dismissal of the claims involving
8  Mr. McKean (ECF 29 & 179), which objections the Court has found unpersuasive and, as
9  discussed above, will not reconsider now.

10  (7) Defendant Morton was effectively dismissed on January 15, 2009.  (ECF 184; ECF
11  178.)  Plaintiff named Mr. Morton in connection with Claims One, Two, Three, Four and
12  Twenty-One.  (*See* Compl., ECF 25.)  Again as noted, after January 15, 2009 the only claims that
13  survived in this action were Claims One and Two in part and as against Defendants Cook and
14  Garate, Claim Ten in part against Defendant Bartos, and Claim Fifteen in part against
15  Defendants Babich, Cook, Garate, Gilliam, Holmes, Johnson, Martinez, McClure, Shaver, and
16  Vanderville.  (*See* ECF 184.)  No claims survived against Mr. Morton.

17  Plaintiff objects to the dismissal of Mr. Morton from this case.  (ECF 261 at 5, 33.)
18  Plaintiff's objection is untimely.  Plaintiff's Third Amended Complaint was filed on October 6,
19  2004; Plaintiff has had almost seven years to seek leave to amend to add Mr. Morton as a
20  defendant to other claims.  In addition, Plaintiff has already objected to the dismissal of the
21  claims involving Mr. Morton (ECF 29 & 179), which objections the Court has found
22  unpersuasive and, as discussed above, will not reconsider now.

23  (8) Defendant Nergenah was effectively dismissed on January 15, 2009.  (ECF 184; ECF
24  178.)  Plaintiff named Mr. Nergenah in connection with Claims One, Two, Three, Four and
25  Twenty-One.  (*See* Compl., ECF 25.)  After January 15, 2009, the only claims that survived in
26  this action were Claims One and Two in part and as against Defendants Cook and Garate, Claim

Ten in part against Defendant Bartos, and Claim Fifteen in part against Defendants Babich, Cook, Garate, Gilliam, Holmes, Johnson, Martinez, McClure, Shaver and Vanderville.  (*See* ECF 184.)  No claims survived against Mr. Nergenah.

Plaintiff objects to the dismissal of Mr. Nergenah from this case.  (ECF 261 at 5, 33.) Plaintiff's objection is untimely.  Plaintiff's Third Amended Complaint was filed on October 6, 2004; Plaintiff has had almost seven years to seek leave to amend to add Mr. Nergenah as a defendant to other claims.  In addition, Plaintiff has already objected to the dismissal of the claims involving Mr. Nergenah (ECF 29 & 179), which objections the Court has found unpersuasive and, as discussed above, will not reconsider now.

(9)  Defendant Singletary was dismissed on March 13, 2007.  (ECF 111; ECF 79 at 1.)

(10)  Defendant Statti was effectively dismissed on January 15, 2009.  (ECF 184; ECF 178.)  Plaintiff named Mr. Statti in connection with Claims One, Two, Three, Four, Twelve, Thirteen and Twenty.  (*See* Compl., ECF 25.)  After January 15, 2009 the only claims that survived in this action were Claims One and Two in part and as against Defendants Cook and Garate, Claim Ten in part against Defendant Bartos, and Claim Fifteen in part against Defendants Babich, Cook, Garate, Gilliam, Holmes, Johnson, Martinez, McClure, Shaver and Vanderville.  (*See* ECF 184.)  No claims survived against Mr. Statti.

Plaintiff objects to the dismissal of Mr. Statti from this case.  (ECF 261 at 5, 33.) Plaintiff's objection is untimely.  Plaintiff's Third Amended Complaint was filed on October 6, 2004.  Plaintiff has had almost seven years to seek leave to amend to add Mr. Statti as a defendant to other claims.  In addition, Plaintiff has already objected to the dismissal of the claims involving Mr. Statti (ECF 29 & 179), which objections the Court has found unpersuasive and, as discussed above, will not reconsider now.

(11)  Defendant Woodford was dismissed on December 6, 2005.  (ECF 33; ECF 28 at 7.)

/////

/////

10

IV. <u>WITNESSES</u>

Plaintiff objects to his being responsible for calculating the travel fees of his non-prisoner witnesses and locating his ex-prisoner witnesses. (ECF 260 at 1; ECF 261 at 17.) The Court, while cognizant of the limitations that inherently stem from Plaintiff's incarceration, AFFIRMS the Magistrate Judge's Order denying these requests. (ECF 258.) It is the Plaintiff's responsibility to calculate and submit the witness fees and travel expenses and to locate his witnesses.

Plaintiff also objects to the denial of Farris, Hansen and Singletary as witnesses. (ECF 261 at 17.) The Magistrate Judge did not deny the identification of these persons as witnesses; rather, he merely explained that they were dismissed as defendants because service upon them could not be executed. (ECF 257 at 8.) Plaintiff's objection is therefore moot. It is Plaintiff's responsibility to locate these individuals if he wishes to call them as witnesses.

Furthermore, Plaintiff objects to the denial of his request to call all but three of his proffered incarcerated or paroled witnesses, noting that two of the three witnesses -- John Amaral (E-73763) and Daniel Quint (P-32887) -- are no longer incarcerated. (ECF 261 at 18-20.) The Court asked Plaintiff at the trial confirmation hearing which of Plaintiff's other proffered witnesses could be substitutes for Mr. Amaral and Mr. Quint and Plaintiff suggested Richard Norman (P-17000), Mario Moreno (P-02293), Toney James (F-41242/P-29269), Jesse Washington (D-23593), and Fredrick Owens (E-92965). After reviewing Plaintiff's descriptions of the anticipated testimony of these witnesses, and of the other witnesses whose attendance the Magistrate Judge has already denied (ECF 251 at 2-11; ECF 261 at 22-30), the Court DENIES Plaintiff's request and AFFIRMS the Pretrial Order. The Court agrees with Judge Drozd's finding that the proposed testimony of these witnesses "clearly concerns only incidents, issues or defendants that this court has previously dismissed from this action, is not relevant to the remaining claims before the court and proceeding to trial, or would be cumulative." (ECF 257 at 9.)

Plaintiff objects to the denial of his request to proffer expert witnesses. (ECF 260 at 1-2; ECF 261 at 39.) The Court AFFIRMS the Magistrate Judge's Order of March 31, 2010 denying Plaintiff's request for the appointment of expert witnesses. (ECF 208 at 4.) The Court agrees with the Magistrate Judge's finding that the testimony of the proffered experts is irrelevant to the claims proceeding to trial.

V. EVIDENCE OF CONVICTIONS AND RULE VIOLATIONS

Plaintiff asks the Court to issue an order prohibiting evidence of the criminal convictions and disciplinary records relevant to him and his currently and previously incarcerated witnesses. (ECF 250 at 10-11, 40.) The Court will allow evidence of the fact of Plaintiff's and the witnesses' felony convictions, but disallows naming the specific crimes for which they were convicted, unless they are felonies involve dishonesty or the making of a false statement. The Court GRANTS Plaintiff's request with respect to evidence of rule violations.

VI. USE OF TECHNOLOGY DURING TRIAL

In his Pretrial Statement, Plaintiff asked that Defendants be precluded from using technology that is unavailable to him. (ECF 250 at 11.) The Court GRANTS this request.

VII. MOBILITY DURING TRIAL

Plaintiff asks the Court that he be allowed to enjoy mobility equal to that of defense counsel during trial. (ECF 250 at 44; ECF 261 at 11.) The Court GRANTS this request, thereby limiting Defense counsel's mobility. Defense counsel will remain seated at counsel table just as Plaintiff will remain seated at counsel table. Moreover, whenever Plaintiff is moved in restraints, such movement will occur outside the presence of the jury.

VIII. PLAINTIFF'S REQUEST FOR PRECLUSION OF TERMS

Plaintiff asks that the Court prohibit the use of terms such as "gang," "prison gang," and "institutional gang investigator" from being used during the trial and that such terms be redacted from all documents that will be viewed by the jury. (ECF 250 at 42; ECF 261 at 11.) This request is DENIED, as Plaintiff's gang validation is a central issue in this case.

IX. PLAINTIFF'S APPEARANCE

Plaintiff asks the Court to order the removal of his restraints in the presence of the jury and that there be no "obvious and excessive security." (ECF 250 at 44; ECF 261 at 11.) The Court will DENY this request, in part, in so far as it is within the Court's power to grant or deny such a request. Plaintiff will remained shackled from the waist down, with his hands free.

Plaintiff also asks the Court to order prison officials to allow him to receive three suits to wear during trial and to shave at least every other day during trial. (ECF 250 at 44; ECF 261 at 11.) It is outside of the Court's authority to grant or deny these requests. "The duty to protect inmates' constitutional rights . . . does not confer the power to manage prisons . . . . Federal courts should not . . . become enmeshed in the minutiae of prison operations." *Toussaint*, 801 F.2d at 1086 (quoting *Ruiz v. Estelle*, 679 F.2d 1115, 1126 (5th Cir. 1982)); *see also Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) ("We decline Norwood's invitation to micro-manage officials whose expertise in prison administration far exceeds are own . . . ."). Plaintiff's family may coordinate with prison officials to provide Plaintiff the suits, the provision of which is of course subject to the California Department of Corrections and Rehabilitation's security regulations.

X. COUNSEL

The Court has been informed that Plaintiff's family is in the process of finding a lawyer to represent Plaintiff. The Court ORDERS that any counsel that is found to represent Plaintiff contact and make him or herself known to the Court as soon as feasible.

XI. PROPOSED VERDICT FORMS

The parties are to present the Court with proposed verdict forms, including special jury instructions, no later than March 21, 2011.

XII. OTHER MISCELLANEOUS ISSUES

As discussed at the trial confirmation hearing, Defense counsel will attempt to locate by March 2, 2011, a better version of the document that includes three CDC 128-B1's, authored by

1  three different individuals, to provide to Plaintiff.  The Court notes that Defense counsel had the
2  same copy as Plaintiff at the hearing and that there may not be a better version.

3  Defendants will have the opportunity to view Plaintiff's exhibits at the beginning of and
4  during trial, and have not requested otherwise.  The Court finds that there is no need to issue an
5  order regarding copying of Plaintiff's documents at this time as this is an issue the Court can
6  address as needed during trial.

7  In his Pretrial Statement, Plaintiff asked that "this court issue an order in advance of trial
8  preventing defendants from alleging that they did not have to provide me with copies of
9  documents upon which the validation packet was based . . ." and for "a pretrial offer of proof
10 requiring defendants to produce '11 items' for validation that existed . . . ."  (ECF 250 at 52.)
11 The Court AFFIRMS the Magistrate Judge's denial of these requests.  In addition, Plaintiff asks
12 that the Court exclude "any and all validations post the November 15, 2000 validation."  (ECF
13 250 at 45; ECF 261 at 11.)  The Court defers ruling on this request; Plaintiff can raise objections
14 to the admission of this evidence during the trial.

15 Plaintiff raises numerous other objections to the Pretrial Order and Order of January 26,
16 2011 that the Court will not address separately.  (*See, e.g.*, ECF 260 & 261.)  The Court finds the
17 objections to be meritless and AFFIRMS the Pretrial Order and Order, except as expressly
18 amended in the preceding sections of this Order.

19 XIII.  TRIAL

20 The parties shall file and serve trial briefs including "a short statement of facts, all
21 admissions and stipulations not recited in the pretrial order, and a summary of points of law,
22 including reasonably anticipated disputes concerning admissibility of evidence, legal arguments,
23 and citations of authority in support thereof" no later than fourteen days prior to the date of trial.
24 E.D. Cal. LOCAL R. 285.

25 The jury trial will commence before the undersigned on Monday, April 4, 2011 at 9:00
26 a.m. in Courtroom 3 on the 15th Floor.

14

XIV. CONCLUSION

In sum, the Court hereby ORDERS:

(1) Page 4, line 8 of Pretrial Order is corrected to read "November 15, 2000."

(2) The Pretrial Order deletes the language on page 3, line 15 ("[o]n February 2, 2000, defendant Garate . . . .").

(3) Claims One and Two are hereby merged.

(4) Defendants Holmes and Martinez are dismissed from this action.

(5) Plaintiff's request for leave to add a new defendant, Mr. Matthew Cate, is denied.

(6) Plaintiff's request for the admission of additional witnesses, whose admission was denied in the Pretrial Order, is denied.

(7) The Magistrate Judge's denial of Plaintiff's request for the appointment of expert witnesses is affirmed.

(8) The specific felony convictions and disciplinary records of Plaintiff and his incarcerated witness will not be admitted at trial; however, the felony convictions may be admissible if they involved dishonesty or the making of a false statement.

(9) Defendants will not use technology at trial that is unavailable to Plaintiff.

(10) Plaintiff will enjoy equal mobility as Defense counsel at trial.

(11) Terms such as "gang," "prison gang," and "institutional gang investigator" will not be precluded at trial or redacted from documents to be viewed by the jury.

(12) Plaintiff will be shackled only from the waist down in the presence of the jury, subject to the security concerns of security personnel.

(13) The Court is to be informed immediately if Plaintiff finds counsel.

(14) The parties will present the Court with proposed verdict forms, including special jury instructions, no later than March 21, 2011.

/////

/////

(15)  The parties shall file and serve their trial briefs no later than fourteen days prior to the date of trial.

(16)  The jury trial will commence on Monday, April 4, 2011 at 9:00 a.m.

DATED:  March 3, 2011.

_____
UNITED STATES DISTRICT JUDGE

03-1605_post-tch-order

16