IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

     Plaintiff,                     No. CIV-S-03-1605 KJM-DAD P

     vs.

S. COOK, et al.,

     Defendants.             <u>ORDER</u>

                                /

        This matter comes before the court upon plaintiff's request for leave to add witnesses and call dismissed defendants to testify (ECF 280) and plaintiff's filing of his trial brief. (ECF 277.) The court DENIES these requests and STRIKES portions of plaintiff's trial brief. Additionally, the court enters a limiting order as described below.

I.    <u>Plaintiff's Request for Leave to Add Witnesses and Call Dismissed Defendants to Testify</u>

        The court will modify its final pretrial order "only to prevent manifest injustice." FED. R. CIV. P. 16(e).[1] "The district court should consider four factors in determining whether to

---

[1] While the docket sheet displays outdated information identifying parties (*see* ECF 280 n.1), the operative information is found in the court's orders dismissing parties (*see, e.g.*, ECF 175, 177, 178, 184). The court notes that the final pretrial order states "James" on page 2, line 22, but should state "Johnson."

1

modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification." *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998). Under the present circumstances, for the reasons discussed below, it would be a manifest injustice to modify the final pretrial order. The pretrial order and final pretrial order listed witnesses the parties intended to call and the pretrial order, as adopted by the final pretrial order, specifically informed the parties that

> A. No other witness will be permitted to testify unless:
> (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or
> (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.
>
> B. Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:
>
> (1) The witnesses could not reasonably have been discovered prior to pretrial;
> (2) The court and opposing party were promptly notified upon discovery of the witnesses;
> (3) If time permitted, the party proffered the witnesses for deposition;
> (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

(ECF 257 at 10.)

The proffered testimony of Doctor Dhillon and William Tucker (P-29461) is wholly irrelevant to the claims proceeding to trial, which the court finds unnecessary to detail here. Additionally, there is no indication these "witnesses" could not have been discovered prior to pretrial.

Furthermore, it is not the court's responsibility to provide plaintiff with the contact information for dismissed defendants he seeks to call to testify, as plaintiff previously

has been advised. (ECF 263 at 11.) Plaintiff's request for contact information also is untimely as a discovery request. Plaintiff's request for an extension of time to serve these individuals and for postponement of the trial date is DENIED.

II.     Plaintiff's Trial Brief

Plaintiff filed a 43-page trial brief with this court on March 22, 2011. (ECF 277.) This brief refers to incidents that are irrelevant to the causes of action proceeding to trial, individuals as "defendants" who are no longer parties to this action, and individuals as "witnesses" who will not be testifying. The court hereby STRIKES these portions of the trial brief and instructs all parties to ignore these portions.

III.    Limiting Order

All motions and documents provided for by the court's prior orders and required for trial to commence on the date set have been filed. Additional filings at this point will unnecessarily burden the court. The court hereby ORDERS the parties not to file any more pleadings, letters, motions, requests, notices, or other documents. Any violation of this order will result in the imposition of sanctions, which may include monetary sanctions or dismissal of the action with prejudice. No motions will be considered by the court that are filed after the filing of this order, but rather will be reflected by an entry on the docket only and then returned to the sender unfiled.

IV.     Conclusion

For the foregoing reasons, plaintiff's request at docket number 280 is DENIED and the above-referenced portions of plaintiff's trial brief will not be considered by the court or parties to this action.

The court hereby DIRECTS the Clerk of the Court to return, without filing, any pleading, letter, motion, request, or notice presented after the filing of this motion, after making a notation on the docket showing the title a party has given the document.

1         The Clerk of the Court further is DIRECTED to transmit a copy of this order expeditiously to plaintiff by providing a copy by e-mail or facsimile to the Litigation Coordinator at the institution where plaintiff is incarcerated and requesting immediate delivery to plaintiff.

        IT IS SO ORDERED.

DATED: March 27, 2011.

                           UNITED STATES DISTRICT JUDGE