IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

       Plaintiff,                       No. CIV-S-03-1605 KJM-DAD P

    vs.

S. COOK, et al.,

       Defendants.               <u>ORDER</u>

          This matter comes before the court upon plaintiff's renewed request for judgment as a matter of law.  (ECF 305.)  For the following reasons, plaintiff's request is DENIED.

I.      PROCEDURAL HISTORY

          Plaintiff filed his original complaint in this action on July 17, 2003.  (ECF 1.)  The jury trial commenced on April 4, 2011, with plaintiff proceeding pro se and Christopher Becker representing defendants.  The following claims proceeded to trial: 1) retaliation for plaintiff's exercise of his First Amendment rights to file grievances and engage in legal activities in plaintiff's placement and retention in administrative segregation, against defendants Cook and Garate; 2) retaliation for plaintiff's exercise of his First Amendment rights to file grievances and engage in legal activities in defendant Bartos's allegedly saying that plaintiff engaged in "ratting" on officers in front of other inmates, against defendant Bartos; and 3) violation of

1

procedural due process in plaintiff's placement and retention in administrative segregation and validation as a prison gang member, against defendants Babich, Cook, Garate, Gilliam, Johnson, McClure, Shaver and Vanderville.  The jury returned its verdict on April 8, 2011, finding for defendants on all of plaintiff's claims.  (ECF 301.)

Plaintiff moved for judgment as a matter of law on April 8, 2011 before the jury began its deliberations; this request was denied without prejudice.  Plaintiff filed the present renewed request for judgment as a matter of law on April 13, 2011.  Defendants filed their opposition on April 26, 2011.  (ECF 306.)  Plaintiff filed his reply on May 12, 2011.  (ECF 313.)

II.   ANALYSIS

   A.   Standard

Federal Rule of Civil Procedure 50(a)(1) states: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Federal Rule of Civil Procedure 50(b) governs renewed motions for judgment as a matter of law ("JMOL") made under Rule 50(a) and provides that the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."  In rendering its decision on a Rule 50 motion, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 802 (9th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 2089 (2010); *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006); *City Solutions, Inc. v. Clear Channel Communications, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004).  "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs*, 443 F.3d at 1062; *see also Lakeside-Scott*, 556 F.3d at 802 (quoting

2

*Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003)). Furthermore, "JMOL is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott*, 556 F.3d at 803.

B.     Application

Plaintiff asks the court to enter judgment as a matter of law in his favor on his due process claim regarding his placement and retention in administrative segregation and validation as a gang member; order his November 15, 2000 gang validation expunged; and set a trial date for damages. (Pl.'s Req. at 8.)[1] He does not include his retaliation claims against defendants Bartos, Cook and Garate in his renewed request.

At trial, jurors were instructed to assume plaintiff had a protected liberty interest. (*See* Jury Instruction No. 19, ECF 297.) To prevail, plaintiff was required to prove, by a preponderance of the evidence, that individual defendants deprived him of his protected liberty interest without due process. (*Id.*) Plaintiff was unable to meet this burden. In no way did the testimony and evidence submitted at trial permit only one reasonable conclusion, much less a conclusion contrary to the jury's verdict. Rather, plaintiff relied, and continues to rely in his present request, on purported "facts" that he had an opportunity to, but did not, prove at trial.

Specifically, in his renewed request plaintiff argues he is entitled to JMOL because he was never allowed to present his views to the institutional gang investigator ("IGI"). Relying mainly on *Toussaint v. McCarthy*, 926 F.2d 800 (9th Cir. 1990) (*Toussaint VI*) and *Lira v. Cate*, 2009 U.S. Dist. LEXIS 91292 (N.D. Cal. Sep. 30, 2009), plaintiff maintains the IGI was the critical decisionmaker in his placement and retention in administrative segregation and gang validation. (Pl.'s Mot. at 3, 6.) However, the identity of the "critical decisionmaker" at these stages is a prison-specific question of fact. *See Madrid v. Gomez*, 889 F. Supp. 1146, 1276 n.226

---

[1] Plaintiff also raises allegations of substantive due process violations; however, as has consistently and repeatedly been clarified by the court, all substantive due process claims were dismissed prior to trial. (*See* Final Pretrial Order at 5, ECF 263.)

3

(N.D. Cal. Jan. 11, 1995). Regarding initial placement and retention in administrative segregation, the parties agreed at trial that at High Desert State Prison, the initial decisionmaker was the Institutional Classification Committee, but could not agree as to the decisionmaker in the gang validation context. The jury, as the fact-finder, was instructed to determine who the critical decisionmaker in the gang validation context was. To this end, Jury Instruction 20 stated:

> Due process for placement of an inmate in administrative segregation requires that prison officials hold an informal non-adversarial hearing within a reasonable time after the prisoner is segregated, give the prisoner notice of the underlying charges or their reasons for considering segregation, and allow the prisoner to present his views to the official charged with deciding whether to transfer him to administrative segregation. In the administrative segregation context, the Institutional Classification Committee is in charge of making this decision.
>
> Gang validation and placement in the Security Housing Unit require notice to the prisoner, an opportunity for the prisoner to present his views to the decisionmaker in the gang validation process, and non-adversarial review of the information supporting placement. It is for you to determine who the decisionmaker in the gang validation process was and whether plaintiff had the opportunity to present his views to that individual or those individuals.
>
> In order to retain prisoners in segregation, due process requires periodic reviews by prison officials.
>
> Whether plaintiff was correctly validated as a gang member and whether there is sufficient evidence to support the gang validation are not issues you must decide or consider.[2]

Plaintiff's reliance on cases in which the fact-finder found the critical decisionmaker to be the IGI is misplaced. For example, in *Toussaint VI*, the Ninth Circuit relied on the district court's finding that the criminal activities coordinator, who is the equivalent of the IGI, was the decisionmaker in the decision to segregate the inmate. 926 F.2d at 803. However,

---

[2] Plaintiff objected to this jury instruction regarding gang validation and continues to object in his Reply. (Pl.'s Reply at 3 & 5.) Plaintiff states that this instruction is a "clear misstatement of law." (*Id.* at 5.) This objection is overruled for the reason plaintiff's present motion is denied; namely, it was for the factfinder to determine who the decisionmaker was in the gang validation process.

4

the *Toussaint VI* plaintiff's suit was based on his experience in San Quentin Prison. *Id*. In *Lira*, the court found that the plaintiff's due process rights were violated because he did not meet with the IGI prior to his gang validation. The court found that "given the fact that it is effectively impossible to undo a wrongful validation, it is absolutely crucial that the IGI meet with the inmate *before* formally validating him." *Lira*, 2009 U.S. Dist. LEXIS 91292, at *88. The *Lira* plaintiff's suit was based on his experiences at Deuel Vocational Institution and Pelican Bay State Prison. *Id*. at *2-3. In *Madrid v. Gomez*, another case relied upon by plaintiff, the court discussed the Ninth Circuit decision in *Toussaint VI*, discerning the basis for the Ninth Circuit's decision as its determination that the IGI "'effectively determined' gang affiliation." 1995 U.S. Dist. LEXIS 841, at *1276 n.226 (quoting *Toussaint VI*, 926 F.2d at 805). In *Madrid*, based on the court's findings of fact, the court determined that the IGI was the critical decisionmaker to whom the plaintiff's views had to be presented before gang validation. *Id*. The *Madrid* plaintiff's suit was based on his experiences at Pelican Bay State Prison. *Id*. at *1155.

Plaintiff did not present evidence establishing that the critical decisionmaker at High Desert State Prison was the IGI, or that he was not given the opportunity to present his views to the critical decisionmaker, such that a reasonable jury could not have reached the verdict the jury in this case did. The identity of the critical decisionmaker in this case in this prison at the time of plaintiff's gang validation was a disputed fact that plaintiff failed to prove.

Plaintiff's other arguments, such as his claim that due process was violated because he received notice of his validation on November 28, 2000, thirteen days after the actual validation on November 15, 2000, fail for the same reasons. (Pl.'s Req. at 5.) Plaintiff did not satisfy his burden at trial and has not now shown that the jury was unreasonable or relied on mere speculation in reaching its verdict.

III.   CONCLUSION

"It is the jury, not the court, which is the fact-finding body. [] The very essence of its function is to select from among conflicting inferences and conclusions that which it

5

considers most reasonable." *Tennant v. Peoria & Pekin Union Railway Co.*, 321 U.S. 29, 35 (1944).  Here, there is no reason to disturb the jury's verdict.  Accordingly, and for the foregoing reasons, plaintiff's request is DENIED.  The court also DENIES plaintiff's suggestion that defense counsel should be sanctioned.  (*See* Pl.'s Reply at 2 n.2.)

        IT IS SO ORDERED.

DATED:  June 21, 2011.

_____
UNITED STATES DISTRICT JUDGE