IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,

Plaintiff, No. CIV-S-03-1605 KJM-DAD P

vs.

S. COOK, et al.,

Defendants. ORDER

_____________________________/

This matter comes before the court upon plaintiff's request for "records," including "minutes, transcripts, and notes," from several proceedings and trial, filed on July 7, 2011 (ECF 321), and his request for appellate counsel and notice of extraordinary circumstances in support, filed on July 11, 2011. (ECF 322.) Both of these requests are DENIED.

ECF 321

Plaintiff requests: 1. records of proceedings conducted October 11-12, 2007[1]; 2. "any and all records produced by this court" related to plaintiff's request that Magistrate Judge Drozd be removed from this case (ECF 187); "3. minutes, transcripts, notes" from the June 4,

[1] The court notes that this appears to be a back-door attempt to gain access to documents containing confidential information the court ordered filed as sealed. (ECF 160.)

2010 status conference (ECF 215); 4. "minutes, transcripts, notes, etc" from the August 13, 2010 hearing on plaintiff's motion to reopen discovery (ECF 225); 5. "minutes, transcripts, notes, etc" related to plaintiff's counsel's motion to withdraw as attorney (ECF 235); 6. "minutes, transcripts, and any other recordings" from the December 2, 2010 settlement conference (ECF 243); 7. "minutes and transcripts" *from* the February 16, 2011 pretrial conference (ECF 262); and 8. "minutes, transcripts, and any and all other recordings" from the trial (ECF 286-304). He contends that he "need[s] a copy of transcripts of proceedings in order to prepare and present" his notice of appeal and appeal, citing to the Ninth Circuit's Pre-Filing Review Order issued in a previous case on February 9, 2010. (Order, *In re Andrew Rick Lopez*, No. 09-80092 (9th Cir. Feb. 9, 2010).) The Ninth Circuit order applies to "all notices of appeal" filed by plaintiff after February 9, 2010, until at least March 31, 2012, except those in which plaintiff has counsel or where the district court certifies that the appeal is not frivolous; the order provides that plaintiff's notices of appeal "shall include a copy of the order(s) of the district court from which he is appealing, a short and plain statement of the facts or law on which he will rely for the purposes of the appeal, and a statement that he has not previously appealed this order or raised this issue on a prior appeal . . . ." (*Id.*)

ECF 322

Plaintiff states that the court should appoint appellate counsel because he is being denied access to the law library, which is where his legal materials are stored; he is subject to the Ninth Circuit's order, which does not apply to counsel; and prison officials will not copy his notice of appeal because it would exceed one hundred pages.

ANALYSIS

28 U.S.C. § 1915(e)(1) states "[t]he court may request an attorney to represent any person unable to afford counsel." "The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.' [] A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the

likelihood of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted). The court does not find such exceptional circumstances here, where counsel previously was appointed and later was granted leave to withdraw for cause, and where plaintiff has demonstrated that he is very able to articulate his claims on his own. Likewise, the Ninth Circuit's order is not "extraordinary," nor is plaintiff's limited access to the law library.[2] Plaintiff's request for appellate counsel is DENIED.

Moreover, the court declines plaintiff's invitation to issue an order for copies of the transcripts he lists in his request. The Ninth Circuit's order does not require that plaintiff submit any of the records plaintiff is seeking, only that he include copies of the specific orders from which he is appealing. Likewise, plaintiff does not need a court order directing prison officials to copy documents in excess of one hundred pages; there is no reason that any documents submitted in accordance with the Ninth Circuit's order need to exceed one hundred pages, particularly in light of the Circuit's direction that statements of facts and law be "short and plain."

Notwithstanding the foregoing, in light of the Ninth Circuit's pre-filing order and plaintiff's upcoming deadline of July 22, 2011 for filing an appeal, the Office of the Attorney General is ORDERED to take appropriate steps to ensure that plaintiff has timely and meaningful access to his legal materials at CSP-Corcoran, and to file a status report by Monday, July 18, 2011 regarding plaintiff's obtaining actual access to his legal materials.

---

[2] Plaintiff, on May 6, 2011, filed a request that the court order prison officials to provide him with his property. (ECF 309.) As plaintiff had a pending deadline – his reply to defendants' opposition to his Rule 50 motion – the court responded by issuing a minute order directing the Office of the Attorney General to report in writing to the court regarding plaintiff's access to his legal materials. (ECF 310.) The response the court received on May 17, 2011 was satisfactory, to the effect that plaintiff was provided access, though understandably in a limited manner. (ECF 314.) On June 2, 2011, plaintiff again filed a notice to the court regarding his access to legal materials. (ECF 315.) This notice indicated that plaintiff was given access to the law library. Finding that there were no pending deadlines in this case, on June 15, 2011 the court found that the issue of plaintiff's access to his legal materials was moot. (ECF 317.)

Accordingly, for the reasons set forth above, and good cause showing, the court hereby ORDERS:

1. Plaintiff's request for the appointment of counsel (ECF 322) is DENIED;
2. Plaintiff's request for an order for copy of transcripts (ECF 321) is DENIED;
3. The Office of the Attorney General is ORDERED to file a status report with this court Monday, July 18, 2011 regarding the steps it has taken, and that officials at CSP-Corcoran also have taken, to ensure plaintiff's access to his legal materials.

IT IS SO ORDERED.

DATED: July 13, 2011.

UNITED STATES DISTRICT JUDGE