UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUSAN COOK, et al.,<br><br>　　　　Defendants. | No. 2:03-CV-1605 KJM DAD<br><br><br>ORDER |

On March 28, 2014, the court heard argument on plaintiff's motion for an order directing California State Prison-Corcoran to allow him to have contact visits with his attorneys. ECF No. 363. Robert Navarro appeared for plaintiff; Diane Esquivel appeared on behalf of CSP-Corcoran. After considering the parties' arguments, the court GRANTS the motion.

I. BACKGROUND

After lengthy proceedings, this case proceeded to trial in April 2011 on the following claims: 1) Cook and Garate retaliated against plaintiff's exercise of his First Amendment rights to file grievances and engage in legal activities by placing and retaining plaintiff in administrative segregation; 2) Bartos retaliated against plaintiff for his exercise of First Amendment rights to file grievances and engage in legal activities by allegedly saying in front of other inmates that plaintiff "ratted" on officers; and 3) Babich, Cook, Garate, Gilliam, Johnson, McClure, Shaver and Vanderville violated plaintiff's right to procedural due process in

connection with his placement and retention in administrative segregation and his validation as a gang member in 2000 at High Desert State Prison (HDSP). The jury returned its verdict on April 8, 2011, finding for defendants on all of plaintiff's claims. ECF No. 301. On June 22, 2011, this court denied plaintiff's renewed motion for judgment as a matter of law. ECF No. 319.

Plaintiff appealed and on July 17, 2013, the Ninth Circuit affirmed in part and reversed in part. ECF No. 345. Specifically, the Court of Appeals said this court erred in dismissing defendant Harrison from plaintiff's due process claim and because this error infected the jury's verdict on that claim, the court reversed the verdict for defendants Babich, Cook, Garate, Gilliam, Holmes, James, Martinez, McClure, Shaver and Vanderville. *Id*. at 3-4. The Court of Appeals also reversed the judgment on plaintiff's retaliation claim against defendant Bartos. *Id*.[1]

Plaintiff sought to consolidate this case with *Lopez v. Schwarzenegger*, No. 2:09-CV-1760 MCE AC, which raises challenges to plaintiff's subsequent gang validations and retention in the Security Housing Unit (SHU) at CSP-Corcoran. ECF No. 351. Counsel said he hoped to dismiss several claims and defendants from each case so as to streamline the presentation and show that consolidation was warranted. ECF No. 360 at 3. At hearing on the motion, counsel said he could not provide more information about the planned streamlining without further meetings with his client. The court ultimately denied the motion to consolidate. ECF No. 368.

In the current motion, counsel asks for an order directing CSP-Corcoran to provide contact visits with plaintiff. Counsel explains that because plaintiff is housed in the SHU, his visits with his client are conducted behind glass, which hampers his ability to share and study the voluminous documents in the cases with his client. ECF No. 363 at 2. Counsel also says that communication on the single telephone allowing him to communicate with plaintiff through the

/////

---

[1] The court granted summary judgment on plaintiff's claim that his validation as a gang member was not supported by the requisite evidence. ECF No. 178 at 43-45; ECF No. 184. The Court of Appeals did not reverse this determination.

1   glass poses additional problems, as both he and co-counsel need to visit plaintiff at the same time.
2   ECF No. 363 at 3.

3   Mary Kimbrell, litigation coordinator for CSP-Corcoran, has submitted a
4   declaration in opposition to plaintiff's request.  Kimbrell avers that regulations prohibit SHU
5   inmates from any contact visits and that exceptions may be permitted only upon a showing of
6   extraordinary circumstances; that counsel may provide copies of documents to plaintiff before the
7   visit and give them to correctional officers to pass to plaintiff during the visit so both he and
8   counsel can review the same document at the same time; and that one can hear through the glass
9   partition even without using the telephone.  Decl. of Mary Kimbrell, ECF No. 372 ¶¶ 6-7, 12.
10  She also relies on Lopez's conviction for murder, his participation in a yard riot in 1996, his
11  forcible removal from his cell in 2008 when he refused to remove a covering from his cell
12  window, and several other disciplinary reports for refusing to comply with orders.  *Id*. ¶ 9.  She
13  also says because of plaintiff's security level, he must be accompanied by two correctional
14  officers when he is out of his cell and those two officers, who would have to stay outside the
15  conference room, would be unable to attend to other visiting room duties, with attendant impact
16  on other staff and inmates.  *Id*. ¶¶ 11, 13.

17  Plaintiff has submitted his own declaration discussing the disciplinary incidents
18  Kimbrell describes, saying that during the "yard riot," he was rushed by two other inmates and
19  had to defend himself; that his cellmate flooded the tier, though plaintiff was also found guilty;
20  and that he covered his windows only as a way to have the sergeant come to his cell to listen to a
21  protest about legal papers.  Decl. of Andrew Lopez, ECF No. 373-1.  He has also provided a
22  declaration from attorney Brandie Devall, who avers she has represented plaintiff during two
23  parole proceedings and during the last hearing his restraints were removed without incident.
24  Decl. of Brandie Devall, ECF No. 373-2 ¶¶ 2-3.  Finally, counsel says he has visited plaintiff
25  periodically and only infrequently has there been a hearing or other matter scheduled requiring
26  the visiting room officers' attention.  ECF No. 373 at 2.  He also says he visited after receiving
27  Kimbrell's declaration and tried talking to plaintiff without using the phone; although he could
28  hear his client, counsel had difficulty understanding what he said.  *Id*. at 3.

3

II. ANALYSIS

Under the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is "not a grant of plenary power to the federal courts." *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). In appropriate circumstances, it may be used against people or entities not parties to the underlying litigation "who are in a position to frustrate . . . the proper administration of justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977).

Plaintiff has cited a number of cases from this district recognizing that the All Writs Act might allow this court to order prison officials to act in order to protect an inmate's right of access to the courts. *See, e.g., Turner v. Sacramento Cnty. Sheriff*, No. 2:09-cv-0017 WBS KJN P, 2010 WL 4237023, at *2 (Oct. 21, 2010), *report and recommendation adopted by* 2010 WL 5317331 (E.D. Cal. Dec. 20, 2010) (stating a writ might issue if plaintiff had shown that restricted access to his legal material unreasonably denied him access to court); *Johnson v. Sullivan*, No. 1:06-cv-01089 ALA (P), 2008 WL 5396614, at *7 (E.D. Cal. Dec. 23, 2008) (granting a request for injunctive relief directing CDCR to provide inmate calls with counsel based on showing that prison officials were depriving him of the ability to communicate with counsel).

As plaintiff argues, the Ninth Circuit has recognized that an inmate's First Amendment right of access to the courts "includes contact visitation with his counsel." *Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1990). The right of access to the courts is not absolute and so the right to contact visits with counsel may be limited "if prison officials can show that such limitations are reasonably related to legitimate penological purposes." *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994). An infringement on a prisoner's constitutional rights is justified if it is reasonably related to legitimate penological purposes. *Turner v. Safley*, 482 U.S. 78, 89 (1987). To make the latter determination, this court must consider (1) whether there is a valid, rational connection between the prison policy and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) the impact

4

1   the accommodation will have on other inmates or guards or the allocation of prison resources; and
2   (4) whether the policy is an "exaggerated response" to prison concerns. *Id*.

3         The prison argues the policy is justified both by security and logistical concerns.
4   Plaintiff counters that his old record of discipline and conviction is not predictive of any security
5   problems in light of his behavior in other proceedings and that his SHU placement is
6   administrative, not disciplinary. This court, too, observed plaintiff's behavior during the
7   underlying trial in this case and saw nothing, in that context raising security concerns. In this
8   case, counsel are willing to assume any risk inherent in a contact visit with their client. While the
9   prison suggests a contact visit is a threat to internal security, it has not supported this claim.

10        The prison also relies on the logistical problems posed by a contact visit. For
11  example, Kimbrell avers that a variety of hearings and other activities are held in the visiting area
12  and the non-contact policy allows staff to accommodate all of these activities at the same time
13  without having two officers present for each SHU inmate. ECF No. 372 ¶ 11. However, the
14  prison remains free to deny counsel's request for a visit on a day when the other activities
15  scheduled for the visiting room would make a contact visit impracticable. Plaintiff's counsel has
16  signaled he is prepared to be flexible in scheduling visits to avoid conflicts.

17        Plaintiff also argues that the prison "has not offered counsel any alternative to its
18  complete ban on contact visits for attorneys." ECF No. 363. Prison officials have offered to
19  shuttle documents back and forth or suggested counsel could provide a duplicate set so counsel
20  and plaintiff can examine the same documents at the same time. Counsel argues this would be
21  burdensome given the volume of documents in this case. The court agrees that the volume of
22  legal pleadings and discovery counsel wishes to discuss with plaintiff makes the prison's
23  proposed alternatives impractical. Moreover, given the real problems of having two lawyers
24  share a single telephone to communicate with plaintiff, it does not appear the prison has offered
25  any practical alternatives to plaintiff's exercise of his rights.

26        The prison claims the impact on staff and on other inmates will be great if two
27  visiting officers must stay within sight and shouting distance of a contact visit between counsel
28  and plaintiff. Plaintiff counters, again, that a contact visit could be scheduled when other

activities were not scheduled and at times when family visiting is low.  The court directs counsel to accommodate the needs of the institution in scheduling any visit.

Finally, plaintiff argues enforcing the regulation as CSP-Corcoran proposes is an exaggerated response because it does not permit the consideration of other alternatives.  In light of the court's conclusion that the prison has not adequately shown an adverse impact on internal security, the refusal to allow plaintiff to have a contact visit with his counsel is a disproportionate response to any security or logistic concerns.

The parties should not construe this order as *carte blanche* for unlimited contact visits between plaintiff and his counsel.  Despite the voluminous nature of the documents, it appears that counsel has already consulted with plaintiff about the proposed streamlining of his cases and so should be able to address the issues fairly expeditiously when they are able to sit together with the necessary paperwork.  Accordingly, the court directs the prison to provide plaintiff with two reasonably long contact visits with counsel, to be scheduled at a time and date convenient to CSP-Corcoran.

IT IS SO ORDERED.

DATED: April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE