UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. COOK, Captain; R. MCKEAN, C/O; C. ADAMS, Lieutenant; R. JOHNSON; J. HARRISON; P. STATTI; D. SHAVER; A. NERGENAH; N. MCCLURE; JACKSON; D. MORTON,<br><br>　　　　Defendants. | No. 2:03-cv-01605-KJM-DAD<br><br>ORDER |

This matter is before the court on the parties' cross-motions for summary judgment. (ECF Nos. 392 & 393.) The court held a hearing on November 17, 2014, at which Robert Navarro appeared for plaintiff, and Diana Esquivel appeared for defendants. As explained below, the court GRANTS summary judgment on plaintiff's fifteenth due process claim, but otherwise DENIES both motions.

I.　　BACKGROUND

Because the parties are familiar with the facts of this case, the court provides only a brief summary of the background before providing its reasoning. The only claim remaining in this case brought under 42 U.S.C § 1983 arises out of plaintiff Andrew Lopez's contention that prison officials violated his due process rights by validating him as a gang member and placing

1

him in the Security Housing Unit (SHU).  (*See* ECF No. 348 at 2; ECF No. 392 at 18.)  The action is now proceeding against the following defendants: S. Cook, R. McKean, C. Adams, R. Johnson, J. Harrison, P. Statti, D. Shaver, A. Nergenah, N. McClure, Jackson and D. Morton.  At the hearing on the instant motions, plaintiff conceded that the court may grant summary judgment as to defendants S. Cook, R. McKean, C. Adams, P. Statti, A. Nergenah, N. McClure, Jackson, and D. Morton with respect to plaintiff's fifteenth claim for violations of due process relating to defendants' alleged improper gang validation process.  Summary judgment is granted to this extent.

Mr. Lopez has spent the past fourteen years in administrative segregation.  (ECF No. 397-1 at 2.)  This confinement began in 2000, when he was housed in High Desert State Prison (HDSP) (*id.*), and continued after he was transferred to California State Prison-Corcoran in 2001 (*id.* at 16).  California prison officials placed Mr. Lopez in administrative segregation because they found Mr. Lopez was a member of the Northern Structure gang.  (ECF No. 175 at 6.)  Mr. Lopez denies he is a member of any gang.  (ECF No. 397-1 at 3.)

Mr. Lopez first filed suit alleging violation of his constitutional rights in 2003.  (*See generally* ECF Nos. 1 & 7.)  After the court resolved several pretrial motions, the case eventually proceeded to trial on April 4, 2011.  (ECF No. 295.)  The jury returned a verdict in defendants' favor (ECF No. 301), and the court entered judgment accordingly (ECF No. 304).  After several post-trial motions, plaintiff appealed the judgment.  (ECF No. 327.)  The Ninth Circuit Court of Appeals reversed in part and issued its mandate on September 30, 2013.  (ECF No. 348.)  The Ninth Circuit held this court had properly denied plaintiff's motion for judgment as a matter of law because "the identity of the critical decision-maker was a disputed question of fact."  (ECF No. 348 at 3.)  But this court improperly rejected plaintiff's "proffered instruction that notice and an opportunity to be heard must be provided before prison officials complete the validation process given the non-emergency circumstances of this case."  (*Id.*)  The Ninth Circuit also held this court erred in a prior judge's "pretrial dismissal of [plaintiff's] due process claim against Special Services Unit Officer Harrison, thereby effectively dismissing him from the case . . . ."  (*Id.* at 3-4.)  This court in trying the case then erred in "allowing . . . defendants to argue to

the jury that Harrison, rather than any of . . . defendants who remained in the case, was the critical decision-maker." (*Id.*)  Accordingly, the Ninth Circuit concluded as follows:

> The judgment in favor of defendants . . . entered on the basis of the jury verdict on plaintiff's due process claim is reversed and the claims are remanded. The judgment entered before trial in favor of defendant Harrison on plaintiff's due process claim is reversed and the claim against him remanded. . . .  The judgment of the district court is otherwise affirmed.

(*Id.* at 4.)

II.   LEGAL STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[1]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).  In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts.").  Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . .   Only disputes over facts that might affect the outcome of the suit under the governing law

/////

---

[1] Rule 56 was amended, effective December 1, 2010.  However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

3

will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

A court may consider evidence as long as it is "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). "Admissibility at trial" depends not on the evidence's form, but on its content. *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324). The party seeking admission of evidence "bears the burden of proof of admissibility." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002). If the opposing party objects to the proposed evidence, the party seeking admission must direct the district court to "authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible . . . ." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385–86 (9th Cir. 2010). However, courts are sometimes "much more lenient" with the affidavits and documents of the party opposing summary judgment. *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979). Here, the court need not address defendants' evidentiary objections (*see* ECF No. 397 at 10; ECF No. 400 at 3) because the court does not consider the materials to which defendants object in ruling on the instant motions. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

The summary judgment standards do not change when parties file cross-motions for summary judgment: "[e]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks omitted). Thus, "the court must review the evidence submitted in support of each crossmotion." *Id.*

III.    DISCUSSION

    A.    Plaintiff's Motion for Summary Judgment

As a threshold matter, the court notes "[d]efendants do not dispute that an indeterminate term in the SHU implicates a state-created liberty interest, such that [p]laintiff was entitled to certain minimal procedural due-process protections, including an informal nonadversarial hearing . . . ." (ECF No. 397 at 4.) "Nor do [d]efendants dispute that, under the law of this case, [plaintiff] was entitled to such a hearing before prison officials completed the gang validation process." (*Id.*) Defendants also do not dispute that plaintiff "was not afforded such a hearing before he was validated in November 2000." (*Id.*) Nonetheless, defendants argue "summary judgment is inappropriate because a factual dispute exists regarding the identity of the critical decisionmaker." (*Id.*)

Plaintiff counters that the precise identity of the decision-maker is not crucial because whoever "the decision-maker is, he is in the 'locked room' and this [c]ourt can adjudicate that question to the extent that a particular finding must be made." (ECF No. 401 at 2.) Plaintiff further responds whether the court or a jury identifies the decision-maker is irrelevant because either Johnson, or Harrison, or Shaver was the decision-maker. (*Id.* at 4.) "Because the identity of the particular decision-maker would not prevent an adverse verdict for defendants, the question itself is not *material* for purposes of summary judgment." (*Id.* (emphasis in original).)

It is undisputed that evaluation of a prisoner's due process challenge to gang validation requires determination of the "prison official [who] was the critical decisionmaker." *See Castro v. Terhune*, 712 F.3d 1304, 1308 (9th Cir. 2013); *see also Castro v. Terhune*, 237 F. App'x 153, 155 (9th Cir. 2007). In this case, the Ninth Circuit noted that "the identity of the critical decision-maker was a disputed question of fact." (ECF No. 348 at 3 ("The district court correctly instructed the jury that determining the identity of the critical decision-maker is a question of fact . . . .").)

Here, the court finds plaintiff has not met his burden of showing that no genuine dispute of material fact exists as to the identity of the decision-maker responsible for plaintiff's gang validation. Although the Ninth Circuit, in *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th

5

1  Cir. 1990), underscored that the decision-maker must be the person who actually determines the
2  prisoner's status, the evidence, here, is not so clear as to allow the court to conclusively determine
3  who the actual decision-maker was.  Rather, as the Ninth Circuit observed, "it is a disputed
4  question of fact," to be decided by a trier of fact.  (ECF No. 348 at 3.)

5  From the record, it is evident that all three officers, Shaver, Johnson, and Harrison,
6  were involved in the process of determining plaintiff's fate, but it is not clear who had the critical
7  decision-making authority.  For example, on the one hand, Shaver testified that as an Institutional
8  Gang Investigator (IGI), his responsibilities stopped when he completed the validation package
9  and submitted the package to the Special Services Unit (SSU); thus indicating he did not make
10 the final decision.  (Shaver Test. 618:11–25, ECF No. 341.)  Johnson testified that he verified the
11 package assembled by Shaver before submitting the package to the SSU; this implies his decision
12 was superior to Shaver's decision.  (Johnson Test. 635:17–24, ECF No. 341.)  Shaver testified
13 that on many occasions the SSU would reject a package submitted by the IGI Unit, thus
14 indicating the SSU had the final decision making authority.  (Shaver Test. 619:1–4, ECF
15 No. 341.)

16 On the other hand, Captain Cook testified that the SSU merely "rubber stamped"
17 recommendations submitted by the IGI Unit, suggesting the IGI Unit was effectively the final
18 decision-maker.  (*See* Cook Test. 333:15–19 ("So until the investigation is complete, is reviewed
19 by [SSU], rubber stamped and a document comes back, we do not do a final report that says that
20 this is what it was.")).  Shaver also testified that when he "validate[d] somebody, the validation
21 [was] used against [that person]," thus suggesting that he may have been the final decision maker
22 in the process of validating plaintiff as a gang member.  (Shaver Test. 616:9–11.)

23 Plaintiff has not met his burden of showing that the evidence he cites supports only
24 one conclusion.  Indeed, from the evidence described above, a reasonable fact-finder could find
25 that any of the three persons involved in the process was the final decision-maker.  There is a
26 genuine issue of material fact as to the precise identity of the critical decision-maker.  The court
27 DENIES plaintiff's motion.
28 /////

B.   Defendants' Motion for Summary Judgment

As noted, "the only claim [plaintiff's] lawsuit currently pursues is the Fifteenth [claim], based on the violations of due process relative to his [alleged] improper gang validation and the decision makers associated with the validation, including defendant Harrison." (ECF No. 398 at 5.)

1.   Critical Decisionmaker

Defendants first argue that defendant Harrison was the critical decision-maker in plaintiff's gang validation process. (ECF No. 393-1 at 11–12.) Yet, as explained above, there is a genuine dispute of material fact as to who the decision-maker was in plaintiff's validation process. Defendants, in their motion, have not met their burden of showing the contrary. The court DENIES defendants' motion to the extent it is based on the critical decision-maker argument.

2.   Qualified Immunity

Defendants next argue that Harrison, Johnson and Shaver are entitled to qualified immunity because their conduct was objectively reasonable and the law affecting their decisions was uncertain. (*See* ECF No. 393-1 at 12–17; ECF No. 400 at 3.) Plaintiff's response is two-fold. First, plaintiff counters that defendants have waived qualified immunity. (ECF No. 398 at 8–12.) Second, even if there is no waiver, defendants are not entitled to qualified immunity. (*Id.* at 12–24.)

"Qualified immunity shields public officials from civil damages for performance of discretionary functions. It is 'an immunity from suit rather than a mere defense to liability . . . .'" *Mueller v. Auker*, 576 F.3d 979, 992 (9th Cir. 2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Government officials are shielded from suit unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity test applies two prongs. Under the first prong, the court considers whether the alleged facts, taken in the light most favorable to plaintiff, show that defendants' conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v.*

1  *Callahan*, 555 U.S. 223, 235 (2009).  Under the second prong, the court must determine whether
2  that constitutional right was "clearly established."  *Saucier*, 533 U.S. at 201.  Courts have
3  discretion to address the prongs in any order in light of the circumstances of each
4  case.  *Pearson*, 555 U.S. at 236.

5  Here, the court finds defendants have not met their burden of showing entitlement
6  to qualified immunity.  As noted above, defendants do not dispute that "under the law of this
7  case" plaintiff was entitled to "a hearing before prison officials completed the gang validation
8  process." (ECF No. 397 at 4.)  In addition, defendants do not dispute plaintiff "was not afforded
9  such a hearing before he was validated in November 2000." (*Id.*)  Hence, the first prong for
10 purposes of this motion is satisfied.

11 The second prong of the qualified immunity inquiry focuses on whether the right
12 was clearly established "at the time of the violative conduct."  *Nelson v. City of Davis*, 685 F.3d
13 867, 875 (9th Cir. 2012).  Determining whether a right was clearly established is a context-
14 specific inquiry not amenable to "'broad general proposition[s].'" *Id.* (quoting *Saucier*, 533 U.S.
15 at 201).  At the same time, to demonstrate a right is clearly established, it is not necessary that a
16 defendant's specific behavior had been previously declared unconstitutional; instead, it is enough
17 that "'the unlawfulness was apparent in light of preexisting law.'"  *Nelson*, 685 F.3d at 885
18 (quoting *Jensen v. City of Oxnard*, 145 F.3d 1078, 1085 (9th Cir. 1998)).

19 Here, in remanding the case, the Ninth Circuit held this court should have
20 instructed the jury "that notice and an opportunity to be heard must be provided before prison
21 officials complete the validation process given the non-emergency circumstances of this case."
22 (ECF No. 348 at 3.)  In so holding, the Ninth Circuit cited two Supreme Court cases, *Zinermon v.*
23 *Burch*, 494 U.S. 113, 127 (1990) and *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982),
24 which were decided before plaintiff's gang validation in 2000.  Consequently, the Ninth Circuit
25 implicitly found the alleged unlawfulness in this case was apparent in light of preexisting law at
26 the time of plaintiff's gang validation.  *See Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th
27 Cir. 1993) (discussing the rule of mandate and the law of the case doctrines).  Following the
28 Ninth Circuit's mandate, the court cannot enter summary judgment in favor of Johnson, Shaver,

and Harrison on the basis of qualified immunity. Defendants' motion is DENIED except as granted above.

IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Defendants' Motion for Summary Judgment in favor of S. Cook, R. McKean, C. Adams, P. Statti, A. Nergenah, N. McClure, Jackson, and D. Morton is GRANTED.
2. Defendants' Motion for Summary Judgment in favor of R. Johnson, J. Harrison, and D. Shaver is DENIED.
3. Plaintiff's Motion for Summary Judgment is DENIED.
4. The Final Pretrial Conference is set for April 16, 2015 at 3:30 p.m. The parties' joint pretrial conference statement is due by March 26, 2015. The trial is set for June 1, 2015, at 9:00 a.m. Trial briefs are due by May 18, 2015.

IT IS SO ORDERED.

DATED: March 2, 2015.

_____
UNITED STATES DISTRICT JUDGE