UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:03-CV-1605-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| S. COOK, et al., | |
| Defendants. | |

The court held a final pretrial conference on this matter on April 16, 2015. At the conference and in their pretrial statement, ECF No. 411, the parties requested clarification of the court's summary judgment order issued on March 2, 2015, ECF No. 410.

In the summary judgment order the court stated incorrectly that the motion was granted as to defendants who had been previously dismissed. (ECF No. 410.) The order should be read as granting defendants' motion for summary judgment in favor of defendants S. Cook, K. Holmes, M. Martinez, and N. McClure. The Clerk of Court is directed to correct the docket entry for the summary judgment order to identify these four defendants as the defendants prevailing on summary judgment.

Also, in the parties' joint pretrial statement and as discussed at the pretrial conference, ECF No. 411, the parties requested clarification from the court on the following:

1

1) whether the identity of the critical decisionmaker is the only remaining procedural due process issue to be tried; 2) whether the court granted summary judgment to plaintiff on his fifteenth claim, the procedural due process claim; and 3) whether defendants may present the defense of qualified immunity at trial.

With regard to the first and second issues, the court confirms that the only remaining procedural due process issue to be tried is the identity of the critical decisionmaker. In its summary judgment order, the court noted:

> . . . defendants do not dispute that an indeterminate term in the SHU implicates a state-created liberty interest, such that [p]laintiff was entitled to certain minimal procedural due-process protections, including an informal nonadversarial hearing . . . ." (ECF No. 397 at 4.) Nor do [d]efendants dispute that, under the law of this case, [plaintiff] was entitled to such a hearing before prison officials completed the gang validation process." (*Id*.) Defendants also do not dispute that plaintiff was not afforded such a hearing before he was validated in November 2000. (*Id*.) Nonetheless, defendants argue "summary judgment is inappropriate because a factual dispute exists regarding the identity of the critical decisionmaker." (*Id*.)

(ECF No. 410 at 5 (quotations omitted).) It is that factual dispute that precluded summary judgment and remains an issue to be tried by a jury. This conclusion is consistent with defendants' briefing in opposition to summary judgment, ECF No. 397 at 4, and defendants' counsel's concessions at oral argument on summary judgment on November 17, 2014.

The court also notes that no claim of substantive due process violations remains to be tried. (*See* ECF No. 178 at 45; ECF No. 184 at 3; ECF No. 319.)

With regard to the third issue, it is well-settled that the question of qualified immunity is one of law, to be determined by a judge. *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 1401 (2015). The court finds both prongs of the qualified immunity test satisfied; the conduct attributed to defendants violated a constitutional right and that right was clearly established at the time of the violation. (*Cf*. ECF No. 410 at 8-9.) Assuming the jury at trial determines one or more of the

/////

/////

defendants was the critical decisionmaker, no one of those defendants is entitled to qualified immunity as a matter of law. They may not raise the defense at trial.

IT IS SO ORDERED.

DATED: May 1, 2015.

_____
UNITED STATES DISTRICT JUDGE