UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:03-cv-01605-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| S. COOK, et al., | |
| Defendants. | |

        This matter is before the court on the motion by defendants Harrison, Johnson, and Shaver for reconsideration of this court's May 1, 2015 order, clarifying they could not assert a qualified immunity defense at trial. (ECF No. 419 at 1–2; *see* ECF 415 at 2-3.) In essence, defendants seek an order permitting them to raise the qualified immunity defense at the upcoming trial. (ECF 419 at 4.) In doing so, however, defendants concede that the first prong of the qualified immunity analysis, whether there was a constitutional violation, is satisfied. (*Id.* at 5.) Plaintiff opposes the motion. (ECF No. 420.) The court submitted the matter without a hearing, and, now, as explained below, DENIES it. Because the parties are familiar with the facts of this case, the court does not regurgitate them here.

        District courts have wide discretion to consider and vacate a prior order. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted & alteration in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . of that which was already considered by the [c]ourt in rendering its decision." *Le v. Sandor*, No. 14–01464, 2014 WL 5305894, at *1 (E.D. Cal. Oct. 15, 2014) (internal quotation marks omitted). A party should not ask the court "to rethink what the Court has already thought through" simply because of a disagreement with the result of that thought process. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). In addition, in this district, a motion for reconsideration is governed by Local Rule 230(j), which requires a party to set forth, among other things, "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3).

Here, because defendants do not present this court with new evidence, do not show this court committed clear error, and do not indicate a change in controlling law, they have not satisfied the grounds for a motion for reconsideration. In its March 2, 2015 order, when addressing the parties' cross-motions for summary judgment, this court denied defendants' motion grounded on the qualified immunity defense, reasoning that "the Ninth Circuit implicitly found the alleged unlawfulness in this case was apparent in light of preexisting law at the time of plaintiff's gang validation." (Order, ECF No. 410 at 7.) Subsequently, in response to defendants' April 17, 2015 request for correction (ECF No. 413), this court affirmed that "no one of those defendants [Harrison, Johnson and Shaver] is entitled to qualified immunity as a matter of law" (Order, ECF No. 415 at 2–3). The court also ordered: "[D]efendants may not raise the defense at trial." (*Id.* at 2.) In other words, the defendants may not try the question of qualified immunity to the jury. And at this point, they cannot be said to have not preserved the issue generally for appeal.

Defendants have not met their burden on the instant motion. Accordingly, defendants' motion is DENIED.

1  The court will not entertain any more motions for reconsideration, whether or not disguised as requests for correction, on the qualified immunity question. *See S. Pac. R. Co. v. United States*, 168 U.S. 1, 48 (1897) ("[T]he aid of judicial tribunals would not be invoked . . . if . . . conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.").

IT IS SO ORDERED.

DATED: August 27, 2015.

UNITED STATES DISTRICT JUDGE