1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW R. LOPEZ,                          No.  2:03-cv-01605-KJM-EFB

12              Plaintiff,

13       v.                                    ORDER

14   S. COOK, ET AL.,

15              Defendants.

16

17              This matter is before the court on defendants' motion in limine to exclude Daniel

18   Vasquez from providing expert testimony at trial.  *See* ECF Nos. 438 & 448.  As explained

19   below, the court DENIES defendants' motion in part to the extent it affects testimony to be

20   offered during the first phase of trial, subject to certain conditions set forth below.  Mr. Vasquez

21   will be allowed to testify in the first phase of trial regarding the issue of critical decision-maker.

22   I.       BACKGROUND

23              In this long and hard-fought case, which has traveled to the Ninth Circuit and

24   back, the court in scheduling the case post-remand noted that discovery had closed in 2007, and

25   no party requested reopening of discovery following appeal.  ECF No. 380.  In the months

26   following the court's issuance of its most recent scheduling order, plaintiff with the assistance of

27   counsel very significantly narrowed his case.  *See* ECF No. 392.  Following an additional round

28   of summary judgment, the extremely focused issues remaining for trial are the question of who

                                                1

served as the critical decision-maker with respect to plaintiff's gang validation leading to his placement in SHU in 2000, and plaintiff's damages.  *See, e.g.*, ECF Nos. 384, 410.

On April 16, 2015, in preparing for this focused trial, the court conducted a final pre-trial conference.  ECF No. 412.  Robert Navarro and Katera Rutledge appeared for plaintiff; Diana Esquivel appeared for defendants.  *Id.*  On May 4, 2015, the court issued a final pre-trial order.  ECF No. 416.  In the order, Daniel Vasquez was listed as one of plaintiff's witnesses, as an "expert on Gang Validation Procedure and Determinations."  *Id.* at 5.  Also in the order, the court noted defendant's objection to the designation and testimony of Vasquez, and defendants' contention that he was "not properly disclosed as required under Federal Rule of Civil Procedure 26(a)(2)."  *Id.* at 10.  The court noted it would address the "parties' dispute regarding Mr. Vasquez on motions in limine or during trial."  *Id.*  On May 18, 2015, both parties filed written objections to the final pre-trial order.  *See* ECF Nos. 417, 418.  To the extent relevant to this order, plaintiff proposed modifications to his witness list.  *See* ECF No. 417 at 4.  Specifically, plaintiff requested the court allow testimony from an additional expert witness regarding the negative effects of long-term SHU incarceration, and testimony from five inmate witnesses regarding the effect of long-term incarceration in the Corcoran SHU on "their physical, emotional, and mental states."  *Id.*  Finally, plaintiff requested the court expand the scope of expert witness Vasquez's testimony to include "the issue of the effect of long-term confinement in the SHU."  *Id.* [1]  In defendants' later-filed objections to the final pre-trial order, defendants addressed several of plaintiff's objections and requests.  *See* ECF No. 418.  While defendants objected to plaintiff's requests, now moot, to add an expert and five inmate witnesses to testify about the conditions and long term effects of SHU, *id.* at 3, they did not address plaintiff's request to expand the scope of Vasquez's testimony to include an opinion regarding SHU conditions. They also did not lodge a formal objection to Daniel Vasquez's identification as an expert witness, likely relying on the court's plan to consider any such objection at a later date.

---

[1] All other objections to the final pre-trial order will be reviewed with counsel and addressed on the morning of trial before jury selection begins, along with all remaining pending motions in limine.

1    On January 15, 2016, in light of the continuance of trial to January 28, 2016, the

2    court held a hearing to discuss motions in limine and other matters related to trial.  ECF No. 468.

3    Robert Navarro appeared for plaintiff and Diana Esquivel appeared for defendants.  *Id.*  During

4    this hearing, Ms. Esquivel argued the defense motion to preclude Daniel Vasquez's expert

5    testimony at trial.  In response, Mr. Navarro contended he had provided Ms. Esquivel notice of

6    Vasquez's testimony, namely by providing a declaration to Esquivel in October 2015.  Plaintiff's

7    briefing argues his delay in identifying Vasquez as a witness and providing his declaration is

8    substantially justified and stemmed from "the limited resources of [plaintiff] SHU prisoner

9    Andrew R. Lopez."  ECF 452 at 2.  Plaintiff also argues Vasquez's testimony will not work a

10   surprise on the defense because the testimony will not be used to support claims that are "new or

11   unusual."  *Id.*

12   The court directed plaintiff to file a copy of Vasquez's declaration.  *See* ECF No.

13   468.  Plaintiff complied with this order, and the court has now reviewed the declaration. *See* ECF

14   No. 469.  The declaration, signed on October 16, 2015, summarizes Mr. Vasquez's substantial

15   experience working and consulting in the field of corrections; in paragraph 10 of the declaration,

16   Mr. Vasquez provides a description of who a critical decision-maker is and what a critical

17   decision-maker does.  *Id.*

18   II.    LEGAL STANDARD AND DISCUSSION

19   Federal Rule of Civil Procedure 26 requires the parties to disclose the identity of

20   each expert witness, and where the witness is "retained," unless ordered otherwise by the court,

21   the disclosure should be "accompanied by a written report prepared and signed by the witness."

22   Fed. R. Civ. P. 26(a)(2)(B), (C); *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

23   1101, 1106 (9th Cir. 2001).  Rule 37 gives teeth to these requirements by presumptively

24   forbidding the use at trial of any information required to be shared by Rule 26 that is not properly

25   disclosed.  Fed. R. Civ. P. 37(c)(1).  Rule 37, however, provides an exception stating the

26   prohibition on use may be excused if the initial failure to disclose was "substantially justified or

27   harmless."  *Id.*

28

3

1      Among the factors that may properly guide a district court in determining whether

2  a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the

3  party against whom the evidence is offered; (2) the ability of that party to cure the prejudice;

4  (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely

5  disclosing the evidence.  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)

6  (citing *David v. Caterpillar*, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).  The burden is on the party

7  facing exclusion of its expert's testimony to prove the delay was "justified or harmless."  *Id.*

8      In this case, plaintiff first identified Daniel Vasquez as an expert witness on "gang

9  validation procedures" by March 2015, ECF No. 411, and the court listed him in its order filed

10  nearly eight months ago, in early May 2015, ECF No. 416.  Although belatedly, plaintiff's

11  counsel provided defense counsel with a declaration signed by Vasquez, explaining what Vasquez

12  might testify to at trial.  Nothing before the court suggests that Vasquez has prepared a more

13  detailed report that has been withheld from the defense.  When plaintiff originally provided the

14  Vasquez declaration, slightly less than two months remained prior to the trial date set at the time.

15  At this point, the defense has had the declaration for approximately four months.  *Cf.* Fed. R. Civ.

16  P. 26(a)(2)(D)(i) (providing default expert disclosure date of 90 days before trial in absence of

17  court order).  On balance, considering the convoluted history of this case, the court finds plaintiff

18  narrowly satisfies his burden to show the failure to identify Vasquez earlier and provide details

19  regarding his testimony was justified or harmless.

20      Additionally, any harm may be mitigated by allowing the defense to depose Mr.

21  Vasquez for up to two (2) hours prior to his being called as a witness, and also to propose a

22  rebuttal witness to the court by the first morning of trial.  If the defense does identify any rebuttal

23  witness prior to the first morning of trial, it shall promptly notify plaintiff's counsel of the identity

24  of such witness.  The court also will consider whether to inform the jury in its final jury

25  instructions of the circumstances of Mr. Vasquez's belated identification and production of a

26  declaration.  *See* Fed. R. Civ. P. 37(c)(1)(B).

27

28

4

III.    <u>CONCLUSION</u>

For the forgoing reasons, plaintiff's expert witness Daniel Vasquez will be permitted to provide opinion testimony focused on the question of the identity of the critical decision-maker at the first phase of trial, subject to the ability of the defense to depose for Mr. Vasquez for up to two (2) hours prior to his testimony and to identify a potential rebuttal witness.

IT IS SO ORDERED.

DATED:  January 20, 2016.

_____
UNITED STATES DISTRICT JUDGE