UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:03-CV-1605 KJM EFB |
| Plaintiff, | |
| v. | PRELIMINARY JURY INSTRUCTIONS |
| S. COOK, et al., | |
| Defendants. | |

DATED: January 25, 2016

_____
UNITED STATES DISTRICT JUDGE

Preliminary Instruction 1:

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. This is how you will reach your verdict.

You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Preliminary Instruction 2:

All parties stand equal before the law, and are to be dealt with as equals in a court of justice.

Preliminary Instruction 3:

During the trial you may hear me use a few terms that you may not have heard before. I will briefly explain some of the most common to you. The party who has brought suit is called the plaintiff. In this action, the plaintiff is Andrew R. Lopez. The parties being sued are called the defendants. The defendants in this case are John A. Harrison, R.S. Johnson and D. Shaver.

Plaintiff is represented by attorneys Robert Navarro and Katera Rutledge and defendants are represented by Deputy Attorney General Diana Esquivel.

The attorneys representing the parties in this case are not allowed to speak with you. When you see the attorneys at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly – they are simply following the law.

You will sometimes hear me refer to "counsel." Counsel is another way of saying "lawyers" or "attorneys." I will sometimes refer to myself as the "court."

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff accused defendants of depriving him of his Fourteenth Amendment right to procedural due process by deliberately failing to provide him notice and an opportunity to be heard on the allegations used to validate him as a prison gang member. It has already been decided that plaintiff was deprived of his Fourteenth Amendment right to procedural due process. The first question to be decided in this case is whether one or more of the defendants is the critical decision-maker or are the critical decision makers who deprived plaintiff of due-process in validating him as a prison gang member. Once you answer this question, then you may be asked to answer additional questions.

Each defendant denies that he was the critical decision-maker.

Plaintiff has the burden of proving who is the critical decision-maker or who are the critical decision-makers. He must prove his case by a preponderance of the evidence. When a party has the burden of proof on any claim or issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

/////

You should base your decision on all of the evidence, regardless of which party presented it.

Preliminary Instruction 4:

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to each party.

Preliminary Instruction 5:

The evidence you are to consider in deciding what the facts are consists of:

1) the sworn testimony of any witness;

2) the exhibits which are received into evidence; and

3) any facts to which the parties have agreed.

There are rules of evidence that control what can be received into evidence. From time to time during the trial, I may make rulings on objections or motions made by the lawyers. When I sustain an objection, I am excluding that evidence from this trial. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You must ignore the question and must not guess what the answer might have been. When I overrule an objection, I am permitting that evidence to be admitted.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

It is counsels' duty to object when the other side offers testimony or other evidence that they believe is not admissible. You should not be unfair or prejudiced against either party because they made objections

You should not infer or conclude from any ruling or other comment I may make that I have any opinion on the merits of the case favoring one side or the other. I do not favor one side or the other.

7

Preliminary Instruction 6:

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and non-testimonial statements by counsel for either party are not evidence. Counsel for the parties are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2) Questions and objections by counsel for either party are not evidence.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose. When I instruct you that an item of evidence will be or has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Preliminary Instruction 7:

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Preliminary Instruction 8:

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Preliminary Instruction 9:

A witness may be discredited or impeached by evidence that is contradictory or shows that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony.  The evidence that a witness has been convicted of a crime may also be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness.  This evidence may not be considered for any other purpose.

As I have already instructed you, it is up to you to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

Preliminary Instruction 10:

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant a request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction 11:

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as given.

If at any time you cannot hear the testimony, evidence, questions, or arguments or see the witnesses or evidence, let me know so that I can correct the problem.

Preliminary Instruction 12:

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Preliminary Instruction 13:

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Third, if you need to communicate with me simply give a signed note to the clerk to give to me.

Fourth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

15

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceeding and a mistrial could result, meaning that there would have to be a new trial.  If any juror is exposed to any outside information, please notify the court immediately.

Preliminary Instruction 14:

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiff's counsel will then present evidence, and counsel for the defendants may cross-examine.  Then defendants' counsel may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.  And again, depending on your answer to the question being tried first, we may then have a short second phase in which these stages of trial are repeated, still staying within the calendar I reviewed with you earlier today.

Preliminary Instruction for Recess:

We are about to take our first break during the trial, and I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Do not conduct any research of any kind, including by using a cell phone or other electronic device, or by going to a library or other outside source. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.