UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>S. COOK, et al.,<br><br>             Defendants. | No. 2:03-CV-1605 KJM EFB<br><br><br>FINAL JURY INSTRUCTIONS<br><br>PHASE TWO |

DATED: January 28, 2016

_____
UNITED STATES DISTRICT JUDGE

1

**FINAL INSTRUCTION NO. 1**

Members of the Jury: Now that you have determined the critical decision-maker to be defendant Harrison, it is my duty to instruct you as to the law of the case for the second phase of trial.

A copy of these instructions will be sent with you to the jury room when you deliberate.

These instructions, as well as Instruction Nos. 1 to 7, 9 and 11 from the first phase of trial, apply to this second phase of the trial.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

**FINAL INSTRUCTION NO. 2**

Some evidence was admitted for a limited purpose only. When I instructed you that an item of evidence was being admitted for a limited purpose, that item of evidence must be considered for that limited purpose and for no other.

**FINAL INSTRUCTION NO. 3**

Lay witnesses may have testified about their opinions during the trial. You may, but are not required to accept those opinions. You may give any opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

**FINAL INSTRUCTION NO. 4**

Plaintiff has the burden of proof on his damages claims.

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not. If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

**FINAL INSTRUCTION NO. 5**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered. Once you determine the critical decision-maker(s), you must determine the plaintiff's damages.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following: The mental, physical, emotional pain and suffering experienced from the denial of procedural due process in regard to the 2000 gang validation.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**FINAL INSTRUCTION NO. 6**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## FINAL INSTRUCTION NO. 7

Once you have determined compensatory damages, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that defendant's conduct that harmed plaintiff was malicious, oppressive or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if defendant acts in the face of a perceived risk that his actions will violate plaintiff's rights under federal law. An act or omission is oppressive if defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of defendant's conduct.

You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than plaintiff.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages

**FINAL INSTRUCTION NO. 8**

During deliberations, as in the first phase, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**FINAL INSTRUCTION NO. 9**

You will now return to deliberate on the damages questions posed in this second phase of trial. You will discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**FINAL INSTRUCTION NO. 10**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Final Instruction Nos. 16 and 17 from the first phase of trial applies now during this second phase.

**FINAL INSTRUCTION NO. 11**

A verdict form for this second phase of trial has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.