UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:03-cv-01605-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| S. COOK, et al., | |
| Defendants. | |

After more than twelve years of civil litigation in the district and appellate court, begun with numerous claims against several officers and employees at High Desert State Prison, the California Department of Corrections and Rehabilitation, and Corcoran State Prison, plaintiff Andrew Lopez prevailed at trial on one claim against Special Services Unit Agent John A. Harrison in January 2016.  Three months after the close of trial, Mr. Lopez's counsel moved for attorneys' fees and costs.  While defendant does not dispute Mr. Lopez is the prevailing party, defendant challenges the amount of fees and costs to be awarded.  As explained below, the court GRANTS Mr. Lopez's motion for attorneys' fees and costs IN PART.

I. PROCEDURAL HISTORY AND BACKGROUND

Because the parties are familiar with the facts of the case, the court discusses the factual background only to the extent relevant to Mr. Lopez's motion.

/////

After numerous rounds of law and motion practice, a prior trial at which Mr. Lopez represented himself, and an appeal, Mr. Lopez proceeded on remand on one claim in his fourth amended complaint against three defendants: a Fourteenth Amendment procedural due process claim against Agent Harrison, Institutional Gang Investigator (IGI) R.S. Johnson, and IGI D. Shaver based on their placement of Mr. Lopez in administrative segregation and validation of him as a member of a gang.  ECF No. 408.  Following remand, in September 2014, Mr. Lopez and defendants filed cross-motions for summary judgment.  Mr. Lopez argued defendants' failure to give notice and an opportunity to be heard in the gang validation procedure violated his due process rights as a matter of law.  ECF No. 392 at 8.  Co-defendants Johnson and Shaver argued Agent Harrison was responsible for the gang validation, and all defendants argued they were entitled to qualified immunity as a matter of law.  ECF No. 393 at 13, 17.

On March 2, 2015, the court denied both parties' motions on the due process issue, concluding, consistent with the Ninth Circuit's finding, there was a "disputed question of fact" regarding whether Agent Harrison, or any other defendant, was a "critical decision-maker" in Mr. Lopez's gang validation process.  ECF No. 410 at 6.  As to defendants' qualified immunity argument, the court held, again consistent with the Ninth Circuit, there was a deprivation of a "clearly established" constitutional right, which precluded defendants' entitlement to qualified immunity.  *Id.*  Because a disputed question of fact precluded summary judgment, Mr. Lopez's case would proceed to trial on the issue of who was the "critical decision-maker" in his gang validation process.  *Id.* at 6.

At trial, the jury concluded Agent Harrison was the critical decision-maker, ECF No. 499 at 1, but did not award Mr. Lopez any damages for the due process violation, ECF No. 505 at 2.  After the court excused the jury, it confirmed with counsel that nominal damages were warranted here, and assessed $1.00 in damages against Agent Harrison in favor of Mr. Lopez.  ECF No. 500 at 3.

II.     DISCUSSION

Mr. Lopez's counsel moves for $71,520.80 in attorneys' fees and $6,065.87 in costs.  Mot. 5, ECF No. 508.  Agent Harrison opposes the motion, contending the Prison

1  Litigation Reform Act (PLRA) significantly limits the amount of attorneys' fees the court can
2  award to counsel because Mr. Lopez is a prisoner.  Opp'n 1, ECF No. 513.  Agent Harrison also
3  argues counsel's motion for costs is untimely and improper.  *Id.*

4  Title 42 U.S.C. § 1988 provides that in federal civil rights actions, "the court, in its
5  discretion, may allow the prevailing party, other than the United States, a reasonable attorneys'
6  fee as part of the costs."  *Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983).  A plaintiff must
7  qualify as a "prevailing party" to recover a fee under § 1988.  *Id.* at 433.  Here, the parties do not
8  dispute Mr. Lopez is the prevailing party, *see* Mot. at 4, Opp'n at 2, so the court proceeds to
9  determine what award, if any, should be granted.

10      A.    <u>Fees under the Prison Litigation Reform Act</u>

11  Once the court determines the prevailing party, it must then determine the
12  reasonable attorneys' fee to award.  *McGrath v. Cty of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995).
13  Where, as here, the prevailing party is a prisoner, the court's authority to award attorneys' fees is
14  constrained by the PLRA, which provides in pertinent part,

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph
>
> (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

3

> (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

42 U.S.C. § 1997e(d) (footnote omitted). As relevant here, in cases where the plaintiff is awarded damages without injunctive relief, the PLRA caps the total amount of fees awarded. *Dannenberg v. Valadez*, 338 F.3d 1070, 1073 (9th Cir. 2003) (cap applies to fees incurred solely to obtain money damages).

Here, the parties dispute how this statutory cap affects the amount of attorneys' fees the court should award. Specifically, counsel for Mr. Lopez contends the PLRA requires this court to multiply their fee rates by 150 percent, Mot. at 2, while Agent Harrison contends Mr. Lopez's counsel is limited to 150 percent of the nominal damages monetary judgment, which amounts to $1.50, Opp'n at 1. The court addresses this issue below.

The parties have not alerted the court to Ninth Circuit authority discussing the PLRA's effect on fees when plaintiff has obtained a nominal damages award of $1.00, and the court has found no controlling authority. In the absence of governing law, this court looks to other circuits' determination of the PLRA's effect under the circumstances here. Other circuits consistently interpret the PLRA to limit fees to 150 percent of the monetary judgment, including when the "monetary judgment" comprises nominal damages of $1.00.

In *Bolvin v. Black*, for example, a pre-trial detainee moved for an award of $3,892.50 in attorneys' fees after prevailing in a civil rights action against a correctional officer and obtaining $1.00 in nominal damages. 225 F.3d 36, 38 (1st Cir. 2000). The district court held the term "monetary judgment," as used in the PLRA, did not include a nominal damages award and therefore found the fee cap was inapplicable. *Id.* The First Circuit reversed, concluding the language of section 1997e(d)(2) was abundantly clear to the contrary: "[w]henever a monetary judgment is awarded" in an action covered by the PLRA and the prevailing party seeks attorneys' fees, the defendant shall pay such fees up to a maximum of 150 percent of the judgment amount, "and no more." *Id.* at 40. The phrase "money judgment," the First Circuit held, included an award of $1.00. *Id*. Accordingly, the "unambiguous text" of the PLRA required the court to

4

1  award no more than $1.50 in attorneys' fees. *Id.* at 41. The First Circuit remanded with
2  instructions to reduce the plaintiff's fee award to $1.50. *Id.* at 46.

3  Other circuits have agreed with the First Circuit's reasoning and reached similar
4  conclusions. *See, e.g.*, *Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011) (plain language of
5  PLRA limited attorney fee award to $1.50 where plaintiff awarded $1.00 in nominal damages);
6  *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) ("[W]e affirm the district court's award of
7  $1.50 for attorney's fees, which represents 150% of [Plaintiff's] $1.00 monetary award");
8  *Robbins v. Chronister*, 402 F.3d 1047, 1050 (10th Cir. 2005) ("Under the plain language rule of
9  statutory construction, therefore, the fee cap contained in § 1997e(d) would apply to [the
10 plaintiff's] attorney's fees, limiting the award to $1.50."); *Foulk v. Charrier*, 262 F.3d 687, 704
11 (8th Cir. 2001) ("[Plaintiff] is entitled to no more than $1.50 in attorney's fees."). Every circuit to
12 address the question has interpreted the PLRA this way. Congress has not amended the statute to
13 clarify otherwise.

14 The result, in this court's view, is not seamlessly linked to the PLRA's explicit
15 purpose to "prevent frivolous prison condition lawsuits filed by criminals," *Andrews v. King*, 398
16 F.3d 1113, 1122 n. 11 (9th Cir. 2005) (plaintiff not afforded in forma pauperis privilege under
17 PLRA where he did not establish he did not have three prior cases dismissed on grounds they
18 were frivolous, malicious, or failed to state claim), given that a liability finding coupled with
19 nominal damages does not render a claim frivolous, *cf. Cano v. Taylor*, 739 F.3d 1214, 1219 (9th
20 Cir. 2014) ("The PLRA is intended to eliminate frivolous lawsuits, but not to eliminate the
21 ameliorative effect achieved by valid constitutionally-based challenges."). That said, the court
22 finds other circuits' reading of the applicable statute persuasive and follows suit.

23 Mr. Lopez cites several cases to support a fee award greater than $1.50, but these
24 cases are distinguishable. For example, in *Webb v. Ada County.*, 285 F.3d 829, 834 (9th Cir.
25 2002), the court reviewed the district court's decision to award attorneys' fees in the context of
26 issuing a consent decree, and did not discuss the PLRA's limitations in a case in which plaintiff
27 received a monetary judgment, *id; see also Hadix v. Johnson*, 398 F.3d 863, 865 (6th Cir. 2005)
28

(discussing PLRA's effect on attorneys' fees where parties entered into a consent decree); *Batchelder v. Geary*, No. 71–02017, 2007 WL 2427989, at *1 (N.D. Cal. Aug. 22, 2007) (same).

In the absence of any authority authorizing more than 150 percent of the monetary judgment under circumstances such as those presented here, the court finds the statute limits Mr. Lopez's attorneys' fees to $1.50. Counsel's motion for costs, however, is not so constrained by the PLRA.

B. Costs

Mr. Lopez's counsel request $6065.87 in costs incurred during the proceedings. Mot. at 5. In opposition, Mr. Harrison contends costs should not be granted because Mr. Lopez's motion is untimely and otherwise improper. Opp'n at 4.

As the prevailing party, the plaintiff is entitled to costs other than attorneys' fees as a matter of course, unless a federal statute, the Federal Rules of Civil Procedure, or the court otherwise directs. Fed. R. Civ. P. 54(d)(1). Allowable expenses, which may be taxed as costs against a losing party, are enumerated in 28 U.S.C. § 1920, discussed in more detail below.

1. Timeliness of Bill of Costs

Local Rule 292(b), regarding costs a prevailing party claims, provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

E.D. Cal. L.R. 292(b). Under Local Rule 292(c), "the party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." E.D. Cal. L.R. 292(c). The Ninth Circuit has held the decision to decline awarding costs is one of "discretion." *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). But discretion is "not unlimited." *Id.* at 592. The district court must "specify reasons" for its refusal to award costs. *Id.*

Here, the court entered judgment on January 29, 2016. ECF No. 503. Mr. Lopez's counsel submitted a motion for attorneys' fees and costs on February 24, 2016, more than

fourteen days following judgment. *See generally* Mot.  Defendant Harris argues Mr. Lopez "was required" to file his bill of costs fourteen days after the entry of judgment, Opp'n at 4, but cites no authority other than the plain language of Local Rule 292(b), which is on its face is permissive in its use of the word "may."  The court thus considers cases addressing the propriety of awarding costs when the prevailing party has not complied with Local Rule 292(b)'s fourteen-day time period.

The court's treatment in *Osei v. GMAC Mortgage* is illustrative of a court's decision to award costs to prevailing party who has not complied with the local rules.  *See* Case No. 09–2534, 2010 U.S. Dist. LEXIS 57757 at *3 (E.D. Cal. May 19, 2010).  In *Osei*, the defendants sought $634.46 in costs after prevailing in a mortgage suit.  *Id.* at *2.  The defendants and plaintiff all failed to comply with the timelines in Rules 292(b) and 292(c), respectively, but the plaintiff did not withdraw his opposition to the defendants' bill of costs.  *Id.*  In determining whether to grant defendants' motion, the court looked beyond the parties' procedural errors and to their respective financial resources.  *Id.* at *3.  In the end, the court declined to award costs not because of defendants' failure to comply with the local rule, or based on the plaintiff's opposition, but because defendants were "major financial corporations, [while] [p]laintiff, the losing party, [was] facing foreclosure of his home and has limited financial resources."  *Id.* (citing *Mexican-Am. Educators*, 231 F.3d at 592, in which Ninth Circuit approved losing party's limited financial resources as a reason for refusing to award costs to a prevailing party).  The defendants' request was denied.  *Id.*

The decision in *Osei* is consistent with the determination that the court was not mandated to deny costs simply because the prevailing party failed to comply with Local Rule 292(b)'s fourteen day timeline.  *See id.* at *2.  The court finds *Osei* persuasive in this respect.  Unlike in *Osei*, however, defendant Harris does not contend he will be unduly prejudiced or otherwise harmed if the court awards costs.  The court DENIES Agent Harrison's challenge on untimeliness grounds, and proceeds to the merits of Lopez's motion.

7

2. <u>Merits</u>

Mr. Lopez requests $6,065.87 but submits a declaration supporting costs totaling an even $6,000. *See* ECF No. 508-2. Accordingly, the court will grant at most $6,000 in costs. *See* E.D. Cal. L.R. 292(b) ("The cost bill shall itemize the costs claimed . . .").

Unless otherwise authorized explicitly by statute or contract, the court may award only costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). The types of costs allowed under section 1920 are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The court is free to interpret the meaning of the terms in section 1920 to tailor them to the facts of the case before it. *Alflex Corp. v. Underwriters Labs.*, Inc., 914 F.2d 175, 177 (9th Cir. 1990).

a) <u>Expert Witness Fees</u>

Counsel requests reimbursement for expert witness fees. Navarro Decl. at 6, ECF No. 508-2. When a prevailing party seeks reimbursement for fees paid to its own expert witness, the federal court is bound by the provision of 28 U.S.C. § 1821 (b), which limits fees to $40.00 per day. *Crawford Fitting*, 482 U.S. at 439 ("There is no provision that sets a limit on the compensation for court-appointed expert witnesses in the way that § 1821(b) sets a limit for litigants' witnesses.).

The witness fee applicable to a party's own expert witnesses is specified in section 1920(3) and defined in § 1821:

8

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821. "Attendance" as used in the statute is interpreted to mean each day involved in a trial procedure. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). Under § 1821, the statutorily mandated total fees, including the daily fees, of an expert witness may be taxed as costs where his testimony was material to an issue tried and reasonably necessary to its disposition. 28 U.S.C.A. § 1821; *United Cali. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1360 (9th Cir.1977); *see Gorelangton v. City of Reno By & Through City of Reno Council of Councilpersons*, 638 F. Supp. 1426, 1432 (D. Nev. 1986) (awarding $500 to expert witness whose testimony was "very important to the defendants."). In discussing the interrelation between sections 1920 and 1821, the Supreme Court has observed, "§ 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost." *Crawford*, 482 U.S. at 441.

Here, Mr. Lopez requests $2,000 for the "[c]onsultation and Declaration by [expert witness] Daniel Vasquez." ECF No. 508-2 at 6. But Mr. Vasquez did not testify in any of the two trials held on Mr. Lopez's civil rights claims. *See* Minutes for Jury Trial at ECF Nos. 286 (Trial #1 Day 1), 289 (Day 2), 291 (Day 3), 292 (Day 4), 295 (Day 5); *id.* at ECF Nos. 483 (Trial #2 Day 1), 487 (Day 2), 493 (Day 3), 500 (Day 4). Further, Mr. Lopez does not contend Vasquez's testimony was necessary to his case. Because Mr. Vasquez did not testify at any trial, "his testimony" was not necessary to an issue tried or to the dispositions.

Mr. Lopez's motion for expert fees is DENIED.

b) <u>Subpoenas Served</u>

Counsel also requests $4,000 for "[f]unds spent on serving subpoenas at first trial by Lopez family." Navarro Decl. at 6.

9

The Ninth Circuit Court of Appeals has held private process servers' fees can be taxed as costs under section 1920(1), which includes "[f]ees of the clerk and marshal." *Alflex*, 914 F.2d at 178. While section 1920(1) authorizes fees, 28 U.S.C. § 1921 governs the "collection of fees for serving a subpoena or summons." *Id.* That private parties incurred fees instead of federal marshals does not preclude reimbursement because, as the court noted, private parties have largely taken on the responsibility of serving summons and subpoenas. *Id.*

Here, where service was by a private party, the court concludes the $4,000 fee is properly taxable as costs. That Mr. Lopez litigated his first trial in pro per does not preclude him from having his costs reimbursed. *See LaMark v. Hicks*, No. 11–1098, 2012 WL 3292398, at *1 (E.D. Cal. Aug. 13, 2012) ("While defendants cannot be awarded attorneys' fees as pro se litigants, it nonetheless stands to reason that they can be awarded their costs and litigation expenses under that statute").

Mr. Lopez's motion for costs is GRANTED in the amount of $4,000.

III.  CONCLUSION

Mr. Lopez motion for attorneys' fees and costs is GRANTED in the following amounts: $1.50 for attorneys' fees and $4,000 for costs.

This resolves ECF No. 508.

DATED: December 19, 2016.

_____
UNITED STATES DISTRICT JUDGE