UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | No. 2:03-cv-01605-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| J. HARRISON, et al., | |
| Defendants. | |

This matter is before the court on defendant J. Harrison's unopposed motion for reconsideration. Mot. for Recons. ("Mot."), ECF No. 520. Defendant seeks reconsideration of the court's December 20, 2016 order ("Fee Order"), ECF No. 519, which awarded plaintiff Andrew Lopez $4,000 for the cost of serving subpoenas. The court submitted defendant's motion without a hearing. Min. Order, ECF No. 524. For the reasons set forth below, the court GRANTS defendant's motion and permits plaintiff to refile a properly supported motion for costs.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit began over a decade ago. The parties and the court are familiar with the twists and turns the case has taken since it was filed, so the court here reviews only those facts relevant to defendant's motion.

/////

Plaintiff alleged several prison officials including defendant violated his constitutional rights. *See* Order 1:24–2:3, ECF No. 353 (describing history of case). The case eventually proceeded to jury trial, with plaintiff representing himself. *Id.* at 1:22–23. The jury returned a defense verdict; plaintiff appealed, the judgment was reversed in part, and the case was remanded. *Id.* at 2:3–14. The case again went to trial. Plaintiff, this time represented by counsel, prevailed on one claim against defendant. *See* Fee Order 1:17–21 (describing the second trial).

After the second trial, plaintiff sought attorney's fees and costs for (1) serving subpoenas in connection with plaintiff's first trial and (2) an expert witness. Am. Mot. for Att'y's Fees ("Fee Mot"), ECF No. 508; Navarro Decl. 5:27–28, ECF No. 508-2. Defendant opposed the motion. Opp'n to Fees Mot. ("Fee Opp'n"), ECF No. 513. The court awarded plaintiff $1.50 in attorney's fees and $4,000 for the cost of serving subpoenas, but denied costs associated with the expert witness. Fee Order 8:20–10:16.

The instant motion for reconsideration concerns the $4,000 award for the cost of serving subpoenas. Plaintiff sought $4,000 for "[f]unds spent on serving subpenas [sic] at first trial by Lopez family." Navarro Decl. 5:27–28. Plaintiff did not itemize his request or provide any additional documentation concerning the service. *See id.* Defendant contended plaintiff was not entitled to that amount, arguing:

> While Plaintiff may be entitled to recover a specific amount for witness fees and mileage, he submitted no proof, by way of receipts or declaration, that *he* incurred such expenses. Moreover, other than the parties, only [another inmate], who was produced under Court order and writ, testified at the first trial. Thus, no evidence shows that Plaintiff incurred any witness fee or mileage to secure the attendance of a witness at his first trial.

Fee Opp'n 5:4–9 (emphasis in original) (citations omitted). The court did not address defendant's argument that plaintiff's request lacked supporting evidence. Instead, the court focused on whether the fees plaintiff sought were of the sort a party may recover, reasoning that the Ninth Circuit "has held private process servers' fees can be taxed as costs under [28 U.S.C. §] 1920(1)" and awarding plaintiff the $4,000 he sought. Fee Order 10:1–13 (citing *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990)).

/////

Defendant now moves for reconsideration of that award under Federal Rule of Civil Procedure 60(b)(6), arguing the court erred by awarding costs that lacked evidentiary support. Mot. 1:23–27. Notwithstanding Local Rule 230(c), plaintiff did not file an opposition or statement of non-opposition to defendant's motion. Defendant represents to the court that plaintiff "is agreeable to reconsideration for the limited purpose of the Court's consideration of documentary evidence to support the necessity and reasonableness of the cost incurred." *Id.* 2:15–17. The motion is thus deemed unopposed.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment, order or proceeding. Fed. R. Civ. P. 60(b). The first five subsections of the rule allow relief for enumerated reasons, while Rule 60(b)(6) allows relief for any justifiable reason not otherwise specified in Rule 60(b). *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088–89 (9th Cir. 2001). Relief under Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation omitted). A motion for reconsideration under Rule 60(b)(6) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in original) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## III. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party in a lawsuit to recover its costs, other than attorney's fees, "[u]nless a federal statute, [the civil rules], or a court

---

[1] A stipulation would likely have hastened the resolution of this matter by an impacted court.

order provides otherwise." Fed. R. Civ. P. 54(d)(1). The ability to recover costs is generally limited by 28 U.S.C. §§ 1920 and 1924. Section 1920 enumerates which fees and expenses may be taxed as costs. 28 U.S.C. § 1920. Section 1924 requires "the party claiming any item of cost or disbursement [to supply] an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. "With regard to individual itemized costs, the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quotation omitted).

Defendant argues the court erred in awarding plaintiff $4,000 for the cost of serving subpoenas because plaintiff's request was not accompanied by an affidavit that the cost was necessary as required by § 1924. Mot. 5:25–27. Defendant's opposition to plaintiff's initial motion for attorney's fees and costs was notably less precise than the instant motion: he did not cite § 1924 in his opposition and he characterized the costs plaintiff sought as "witness fees and mileage" rather than costs for private service of subpoenas. Fee Opp'n 5:1–9. Defendant did argue that plaintiff "submitted no proof, by way of receipts or declaration, that he incurred such expenses." *Id.* at 5:5–6 (emphasis removed). While the argument in context was not clearly directed at the lack of support for the requested subpoena service costs, the court is persuaded that reconsideration is warranted here to address the evidentiary defect in the record supporting (or not) plaintiff's request.

Defendant also argues reconsideration is appropriate because the court did not consider whether $4,000 exceeds the amount the U.S. Marshal would have charged for the same service. Mot. 6:12–7:6. Defendant did not raise that argument before, so the court does not address it here. *See Marlyn Nutraceuticals*, 571 F.3d at 880.

IV. CONCLUSION

Partial reconsideration of the court's December 20, 2016 order, ECF No. 519, is warranted. The court GRANTS the motion for reconsideration, ECF No. 520, and VACATES the $4,000 award for the costs plaintiff purportedly incurred serving subpoenas in connection

4

with his first trial.  Plaintiff may file a new motion for costs supported by affidavit as required by 28 U.S.C. § 1924 within fourteen days of the date this order is filed.

IT IS SO ORDERED.

DATED: August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE